Kenneth M. Jones (SBN 140358)
kjones@fordharrison.com
Jessica E. Bradley (SBN 250874)
jbradley@fordharrison.com
FORDHARRISON LLP
350 South Grand Avenue
Suite 2300
Los Angeles, CA  90071
Telephone:  (213) 237-2400
Facsimile:  (213) 237-2401

Attorneys for Defendant,
CITY OF LOS ANGELES

ON THE BRIEF (pro hac motion to be filed)
Johanna G. Zelman
jzelman@fordharrison.com
Ryan O'Donnell
rodonnell@fordharrison.com
FORDHARRISON LLP
185 Asylum Street, Ste 610
Hartford, CT 06103
Telephone: (860) 740-1355

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CHRISTOPHER DEERING, an individual

Plaintiff,

v.

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 18, an employee organization; CITY OF LOS ANGELES, a public agency; ROB BONTA, in his official capacity as Attorney General of California; BRIAN D'ARCY, GUS CORONA, MARTIN MARRUFO, RAFAEL LOPEZ, MARTIN ADAMS, RICHARD HARASICK, ANDREW KENDALL, and DAVID WRIGHT, trustees of the Joint Safety and Training Institute,

Defendants.

CASE NO. 2:21-CV-07447-DSF-AS

[*Assigned to Judge Dale S. Fischer, Courtroom 7D*]

**DEFENDANT CITY OF LOS ANGELES'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Hearing Date:    March 28, 2022
Time:                  1:30 p.m.
Courtroom:        7D

Action Filed: September 17, 2021

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF, AND HIS ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that on March 28, 2022 at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 7D of the above-entitled Court located at 350 West First Street, Los Angeles, California 90012, Defendant City of Los Angeles ("the City" or "Defendant") will and hereby does move the Court pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the Complaint filed by Plaintiff Christopher Deering ("Plaintiff") for lack of subject matter jurisdiction over Plaintiff's claims for injunctive and declaratory relief and/or that under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), Plaintiff fails to state a claim upon which relief can be granted as to each cause of action.

Specifically, Plaintiff has not plead a claim under 42 U.S.C. § 1983 against the City pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Even if he has, the holding in *Janus v. AFSCME, Council 31*, --- U.S. ---, 138 S. Ct. 2448 (2018) is inapplicable to the claims pled by Plaintiff. Thus, Plaintiff has not plead a claim for a violation of the First Amendment. Further, Due Process Clause is not triggered by the conduct alleged by Plaintiff. Respecting Plaintiff's claims for injunctive and declaratory relief, Plaintiff lacks standing to assert such prospective relief, and Plaintiff's damages claim is, in part, untimely.

The motion is based on this notice; the accompanying memorandum of points and authorities; the concurrently filed proposed order granting the motion; the Court's record of this action; all matters of which the Court may take notice; and any such oral or documentary evidence that the Court receives into evidence at the hearing on the motion.

/ / /

/ / /

Ford & Harrison LLP
Attorneys At Law
Los Angeles

- 1 -

DEFENDANT CITY OF LOS ANGELES'S
NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on January 7, 2022.

Dated: February 1, 2022

Respectfully submitted,

FORD HARRISON LLP

By: /s/ *Jessica Bradley*
    Kenneth M. Jones
    Jessica E. Bradley
    Johanna G. Zelman
    Ryan O'Donnell
    Attorneys for Defendant,
    CITY OF LOS ANGELES

Ford & Harrison LLP
Attorneys At Law
Los Angeles

- 2 -

DEFENDANT CITY OF LOS ANGELES'S
NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT

# **TABLE OF CONTENTS**

I.    INTRODUCTION .................................................................................... 1

II.   BACKGROUND ..................................................................................... 2

    A.    California Public Sector Law .......................................................... 2

    B.    Relevant Portions of the Memorandum of Understanding ............. 2

    C.    Plaintiff's Union Membership and Resignation ............................. 3

    D.    The Joint Safety and Training Institute .......................................... 4

III.  LEGAL STANDARD ............................................................................. 5

    A.    Subject Matter Jurisdiction ............................................................ 5

    B.    Failure to State a Claim ................................................................. 6

IV.   ARGUMENT .......................................................................................... 7

    A.    The Complaint Fails to State a Claim for *Monell* Liability .............. 8

    B.    The First Amendment Does not Prohibit the Conduct Alleged ........ 9

        1.    Public Employee Speech under the First Amendment ........... 9

        2.    The *Janus* Decision ............................................................. 10

        3.    The City's Compliance with the Opt-Out Period Does Not Violate the First Amendment ................................................. 12

        4.    Plaintiff's First Amendment Rights Were Not Violated by Deductions Taken by the JSTI ............................................. 16

    C.    The Procedural Due Process Clause of the Fourteenth Amendment Does Not Prohibit the Conduct Alleged .......................................... 17

    D.    The Substantive Due Process Clause is Inapplicable ..................... 19

    E.    Plaintiff Lacks Standing to Seek Declaratory and Injunctive Relief Regarding the Union Dues .................................................. 21

    F.    Plaintiff's Claims with Respect to Payments Made to JSTI are, in Part, Untimely ............................................................................... 23

V.    CONCLUSION ...................................................................................... 24

FORD & HARRISON LLP

ATTORNEYS AT LAW

LOS ANGELES

DEFENDANT CITY OF LOS ANGELES'S
NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Abood v. Detroit Bd. of Educ.*, 431 U.S. 209 (1977)..........................10, 11, 12, 13

*Acevedo v. C & S Plaza Ltd. Liab. Co.*, No. 20-56318, 2021 WL
    4938124 (9th Cir. Oct. 22, 2021) ....................................................... 6

*Albright v. Oliver*, 510 U.S. 266 (1994) ............................................7, 19

*Belgau v. Inslee*, 975 F.3d 940 (9th Cir. 2020), *cert. denied*, --- U.S. ---
    141 S.Ct. 2795 (2021) ......................................................13, 15, 16, 17

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)..............................6, 16

*Bennett v. Council 31 of the Am. Fed'n of State, Cty. & Mun. Emps.,*
    *AFL-CIO*, 991 F.3d 724 (7th Cir.), *cert. denied sub nom. Bennett v.*
    *Am. Fed'n of State, Cty., & Mun. Emps., Council 31, AFL-CIO*, 142
    S. Ct. 424 (2021) .................................................................................. 14

*Boardman v. Inslee*, 978 F.3d 1092 (9th Cir. 2020), *cert. denied*, ---
    U.S. ---, 142 S. Ct. 387 (2021) ....................................................21, 23

*Brittain v. Hansen*, 451 F.3d 982 (9th Cir. 2006)................................ 20

*Capp v. Cty. of San Diego*, 940 F.3d 1046 (9th Cir. 2019) .................. 20

*City of Los Angeles v. Lyons*, 461 U.S. 95 (1983)................................ 22

*City of San Diego v. Roe*, 543 U.S. 77 (2004)...................................... 10

*City of St. Louis v. Praprotnik,* 485 U.S. 112 (1988) ............................ 8

*Coleman v. Virga*, No. 217CV0851KJMKJNP, 2022 WL 47594 (E.D.
    Cal. Jan. 5, 2022)................................................................................ 23

*Connick v. Meyers*, 461 U.S. 138 (1983) .............................................. 10

*Cooley v. California Statewide L. Enf't Ass'n*, No. 2:18-CV-02961-
    JAM-AC, 2019 WL 331170 (E.D. Cal. Jan. 25, 2019).................... 15

*Corales v. Bennett*, 567 F.3d 554 (9th Cir. 2009)................................. 19

*Cram v. Loc. 503 Serv. Emps. Int'l Union*, No. 6:20-CV-00544-MK,
    2021 WL 526327 (D. Or. Feb. 8, 2021), *R&R adopted*, No. 6:20-
    CV-544-MK, 2021 WL 1041134 (D. Or. Mar. 17, 2021) ............... 22

*Crouthamel v. Walla Walla Pub. Sch.*, 535 F. Supp. 3d 1025 (E.D.
    Wash. 2021)......................................................................13, 17, 18

*Cty. of Sacramento v. Lewis*, 523 U.S. 833 (1998) ............................... 20

*Culinary Studios, Inc. v. Newson*, 517 F. Supp. 3d 1042 (E.D. Cal.
    2021)...................................................................................................... 17

*Daniels v. Williams*, 474 U.S. 327 (1986) ............................................ 19

*Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018) ................21, 22

*Durst v. Oregon Educ. Ass'n*, 450 F. Supp. 3d 1085 (D. Or.
    2020), *aff'd*, 854 Fed. Appx 916 (9th Cir. 2021), *cert. denied sub*
    *nom. Anderson v. SEIU Loc. 503*, No. 21-609, 2022 WL 89327
    (U.S. Jan. 10, 2022)............................................................................ 22

*Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1 *reh. denied*, 542
    U.S. 961 (2004)................................................................................... 21

- ii -

*Engquist v. Oregon Dep't of Agric.*, 478 F.3d 985 (9th Cir. 2007), *aff'd on other grounds*, 553 U.S. 591 (2008)............................................................20

*Fischer v. Governor of New Jersey*, 842 Fed. Appx. 741 (3d Cir.), *cert. denied sub nom. Fischer v. Murphy*, --- U.S. ---, 142 S.Ct. 426 (2021)...............................................................................................................14

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S. 167 (2000) .........................................................................................21

*Garcetti v. Ceballos*, 547 U.S. 410 (2006) .......................................................10

*Glickman v. Wileman Bros. & Elliott*, 521 U.S. 457 (1997) ...........................9, 11

*Graham v. Connor*, 490 U.S. 386 (1989) .....................................................18, 19

*Gratz v. Bollinger*, 539 U.S. 244 (2003) ..........................................................23

*Harris v. Quinn*, 573 U.S. 616 (2014) ..............................................................11

*Hendrickson v. AFSCME Council 18*, 992 F.3d 950 (10th Cir.), *cert. denied,* --- U.S. ---, 142 S.Ct. 423 (2021).........................................................14

*Hubbard v. SEIU Loc. 2015*, No. 220CV00670KMEFB, 2021 WL 3472241 (E.D. Cal. Aug. 6, 2021).................................................................22

*J.K.J. v. City of San Diego*, 17 F.4th 1247 (9th Cir. 2021) ..................................7

*Janus v. AFSCME, Council 31*, --- U.S. ---, 138 S. Ct. 2448 (2018).............passim

*Knox v. Service Employees*, 567 U.S. 298 (2012) ..............................................11

*Lehnert v. Ferris Faculty Assn.*, 500 U.S. 507 (1991) .......................................11

*Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992) ................................................21

*Makarova v. United States*, 201 F.3d 110 (2d. Cir. 2000) ...................................6

*Marsh v. AFSCME Loc. 3299*, No. 2:19-CV-02382-JAM-DB, 2020 WL 4339880 (E.D. Cal. July 28, 2020).......................................................18

*Mentele v. Inslee*, 916 F.3d 783 (9th Cir. 2019)................................................12

*Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).................................................................................................1, 8, 9

*Ochoa v. Serv. Emps. Int'l Union Loc. 775*, No. 2:18-CV-0297-TOR, 2019 WL 4918748 (E.D. Wash. Oct. 4, 2019)..........................................22

*Pembaur v. City of Cincinatti*, 475 U.S. 469 (1989) ............................................8

*Pickering v. Bd of Educ.*, 391 U.S. 563 (1968)........................................9, 10, 12

*Powers v. Ohio*, 499 U.S. 400 (1991)................................................................23

*Quezambra v. United Domestic Workers of America AFSCME Local 3930*, 445 F.Supp.3d 695 (C.D. Cal. 2020)..................................................8, 9

*Rankin v. McPherson*, 483 U.S. 378 (1987) ......................................................10

*Roberts v. U.S. Jaycees*, 468 U.S. 609 (1984) .....................................................9

*Rosales v. United States*, 824 F.2d 799 (9th Cir. 1987) .......................................6

*Scheuer v. Rhodes,* 416 U.S. 232 (1974).............................................................6

*Schumacher v. Inslee*, 474 F. Supp. 3d 1172 (W.D. Wash. 2020).......................22

*Semerjyan v. Serv. Emps. Int'l Union Loc. 2015*, 489 F. Supp. 3d 1048

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- iii -

DEFENDANT CITY OF LOS ANGELES'S
NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT

(C.D. Cal. 2020) ..................................................................................... 22

*Smith v. Serv. Emps. Int'l Union, Loc. 668*, No. 1:20-CV-02316, 2021
    WL 4743579 (M.D. Pa. Oct. 12, 2021)................................................ 18

*Stoia v. Yee*, No. 220CV01760KJMDMC, 2021 WL 3847725 (E.D.
    Cal. Aug. 27, 2021) ............................................................................. 22

*Swarthout v. Cooke*, 562 U.S. 216 (2011) ................................................ 17

*Teachers v. Hudson*, 475 U.S. 292 (1986) ................................................ 11

*TransUnion LLC v. Ramirez*, --- U.S. ---, 141 S.Ct. 2190 (2021).............21, 22

*U.S. ex rel. Solis v. Millennium Pharms., Inc.*, 885 F.3d 623 (9th Cir.
    2018) ...................................................................................................... 6

*United States v. Ritchie,* 342 F.3d 903 (9th Cir. 2003) ............................... 7

*Wagner v. Univ. of Washington*, No. 2:20-CV-00091-BJR, 2020 WL
    5520947 (W.D. Wash. Sept. 11, 2020) ................................................ 18

*Wallace v. Kato*, 549 U.S. 384 (2007).................................................... 23

*Washington v. Harper*, 494 U.S. 210 (1990).......................................... 19

*Woltkamp v. Lios Rios Classified, Emp. Assn.*, 539 F. Supp. 3d 1058
    (E.D. Cal. 2021) ................................................................................... 18

*Yates*.................................................................................................15, 22

*Zielinski v. Serv. Emps. Int'l Union Loc. 503*, 499 F. Supp. 3d 804 (D.
    Or. 2020)............................................................................................... 22

**FEDERAL STATUTES**

42 U.S.C. § 1983..............................................................................1, 7, 8, 23

Fed. R. Civ. P. 12(b)(1) ............................................................................. 6

Fed. R. Civ. P. 12(b)(6) .........................................................................6, 7

**STATE CASES**

*Aliser v. SEIU California*, 419 F. Supp. 3d 1161 (N.D. Cal. 2019)......................... 9

**STATE STATUTES**

Cal. Civ. Proc. Code § 335.1 .................................................................... 23

Cal. Gov't Code § 1152 ............................................................................ 2

Cal. Gov't Code § 1157.12 ................................................................passim

Cal. Gov't Code § 3502 ............................................................................ 2

Cal. Gov't Code § 3503 ........................................................................2, 15

Cal. Gov't Code § 3504 ............................................................................ 2

Cal. Gov't. Code § 1150 .........................................................................2, 3

Cal. Gov't Code § 3501 ....................................................................2, 3, 15

**LOCAL STATUTES**

Los Angeles Admin. Code § 23.122........................................................ 2

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- iv -

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Defendant, City of Los Angeles ("Defendant" or "the City"), hereby files this memorandum of points and authorities in support of its motion to dismiss Plaintiff, Christopher Deering's Complaint dated September 17, 2021.[1] Plaintiff claims that the City, in conjunction with his union, caused payroll deductions in violation of his right to Free Speech as articulated by the U.S. Supreme Court in *Janus v. AFSCME, Council 31*, --- U.S. ---, 138 S. Ct. 2448 (2018). These claims all fail.

## I.    INTRODUCTION

Plaintiff is employed with the Los Angeles Department of Water and Power ("LADWP") and was a member of International Brotherhood of Electrical Workers Local 18 (the "Union" or "Local 18"). Plaintiff alleges he resigned as a union member but continued to pay union dues ("the Union Dues") until the opt-out period, and claims this was in violation of his First and Fourteenth Amendment rights. Furthermore, he further takes issue with a $15/month payroll deduction used to fund the Joint Safety and Training Institute ("JSTI") ("the JSTI Fee").

These claims fail as a matter of law. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) precludes Defendant's liability under 42 U.S.C. § 1983 for merely acting in accordance with state statute and the requests of the Union and the JSTI, two independent and private organizations. Even if *Monell* liability exists, *Janus* does not prohibit the conduct alleged in the Complaint. As every court that has examined this issue has held, neither the First nor Fourteenth Amendment prohibits an "opt-out" period, or the JSTI from requiring employees to contribute to a safety and training fund that is directly for the benefit of bargaining-unit employees. Furthermore, the claims related to the JSTI Fee are, in part, untimely. Finally, Plaintiff stopped paying Union Dues in April, 2021. Since

---

[1] This is the latest in a string of dozens of nearly identical cases filed by Plaintiff's Counsel, Freedom Foundation, many of which are cited throughout this brief. Freedom Foundation has yet to be successful in any one of them.

Ford & Harrison LLP
Attorneys At Law
Los Angeles

DEFENDANT CITY OF LOS ANGELES'S
NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT

neither injunctive nor declaratory relief can be granted for past harm, Plaintiff lacks Article III standing to seek prospective equitable relief. As such, the Complaint must be dismissed.

## II.    BACKGROUND

### A.    California Public Sector Labor Law

The LADWP operates as part of the City. *See* Los Angeles Admin. Code § 23.122, *et seq.* The City is a "public employer." *See* Cal. Gov't. Code §§ 1150(f)(1) and 3501(c).

Pursuant to Cal. Gov't Code § 3502, public employees may elect a collective bargaining representative. A recognized employee organization "shall have the right to represent their members in their employment relations with public agencies," Cal. Gov't Code § 3503, but union membership cannot be made a condition of employment, *see* Cal. Gov't Code § 3502. The scope of representation includes "all matters relating to employment conditions and employer-employee relations, including, but not limited to, wages, hours, and other terms and conditions of employment…." Cal. Gov't Code § 3504.

It is mandatory that membership dues be deducted from wages by the City when requested by the Union. *See* Cal. Gov't Code § 1152(a). Where a union requests deduction be made, a public employer "shall [r]ely on a certification from any employee organization requesting a deduction…that they have and will maintain an authorization signed by the individual from whose salary or wages the deduction…is to be made." Cal. Gov't Code § 1157.12(a) (emphasis added). Further, a request to cancel union membership or cancel or change deductions must be directed to the union, not the employer. *See* Cal. Gov't Code § 1157.12(b).

### B.    Relevant Portions of the Memorandum of Understanding

Local 18 is the "recognized employee organization" representing LADWP employees. *See* Cal. Gov't Code §§ 1150(c) and 3501(a)(1). The operative collective bargaining agreement between the City/LADWP and Local 18 is for the

Clerical Unit effective October 1, 2005 through September 30, as amended by Amendments #2-4 ("the MOU"). (**Exhibit 1**[2]). Local 18 is recognized "as the exclusive representative." (*Id.*, **Art. II**). Union membership is not a term of employment. (*Id.*, **Art. VIII, § 8.6(A)(1)(a)**). At the time the MOU was executed, employees had the option of becoming a union member and paying full membership dues, or declining union membership and paying a service fee. (*Id.*). There is no allegation that, post-*Janus*, non-members were not required to pay a service fee.

The MOU requires that employees be notified regarding dues, that dues be deducted from wages (*Id.*, **Art. VII, § 8.6(A)(2)**), and that the City deduct union dues through payroll consistent with Cal Gov't Code § 1157.12. (*Id.*, **Art. VIII, §§ 8.5 8.6(C)(1)**). This deduction "shall be the result of voluntary consent in the form of a payroll deduction card signed by the individual employee" and that dues are deducted only upon receipt of that authorization. (*Id.*). After becoming a member of the union, any employee may resign his membership with all "[e]mployees[] requests to cancel [] dues withholding…to be effective on the ending of the first complete pay period following April 1 of each calendar year." (*Id.*, **Art. 8, § 8.5**).

## C.    Plaintiff's Union Membership and Resignation

Plaintiff became employed with the LADWP as a Customer Service Representative in 2005. (**Comp. ¶¶ 4, 18**). That position was within the Clerical Unit represented by Local 18. (*Id.*, **¶ 5**). On or about October 31, 2005, Plaintiff voluntarily became a member of Local 18 and signed a dues authorization card. (**Compl., ¶ 20, Exhibit A**). Plaintiff claims that he learned of the *Janus* decision in 2018. (*Id.*, **¶ 29**). But Plaintiff did not immediately resign from the Union. (*Id.*, **¶ 30-31**). Not until August 3, 2020 did Plaintiff notify the Union of his resignation. (*Id.*, **¶ 33, Exhibit B**). His resignation was accepted, but in accordance with the

---

[2] For purpose of this motion, exhibits attached to the Complaint are referenced by letter, while those included by Defendant with this motion are reference by number.

"opt-out" period, deductions continued until on or about April 1, 2021. (*Id.*, ¶¶ **36, 38, Exhibit C**).  Plaintiff has not paid union dues since that time. (*Id.*, ¶ **49**).

### D.    The Joint Safety and Training Institute

In the early 2000s, the LADWP and Local 18 formed two trusts, the Joint Training Institute ("JTI") and the Joint Safety Institute ("JSI"), to promote and advocate for safety and training in the workplace. (**Compl.**, ¶¶ **50-51; Exhibit 1, Arts. 39-40**).

Plaintiff alleges that the JTI/JSI were mismanaged, and correctly asserts that an audit was ordered by the City, which was completed in 2015 ("the Audit"). (**Exhibit 2**). Although there were some findings,[3] the Audit made no findings that funds were used to support anything political or anything else that constitutes free speech. (*Id.*). Noticeably absent from the Complaint is any such allegation.

Effective October 1, 2017, both the JSI and the JTI were disbanded. (**Compl.**, ¶ **59**). By MOU Amendment #4, the City and LOCAL 18 agreed as follows:

> The parties agree that within the first two years of this amendment to the MOU, the parties will take the necessary steps to create a single entity to replace the Joint Training Institute (JTI) and the Joint Safety Institute (JSI).
>
> The parties further agree that effective October 1, 2017; the LADWP will no longer fund the JTI and JSI, or the successor institute.
>
> Effective October 1, 2018, IBEW-represented employees shall contribute 0.43% of all hours worked to fund the successor institute.

(**Exhibit 3**). Effective October 1, 2018, Plaintiff began paying a monthly fee through a payroll deduction. (**Compl.**, ¶ **64**).

The new Joint Safety and Training Institute ("JSTI") was formed by Agreement between the LADWP and LOCAL 18 ("JSTI Agreement"). (**Exhibit 4**).

---

[3] The Audit outlines: (1) IRS non-compliance; (2) improper purchases of things such as gasoline, car expenses, supplies, computers, lodging, travel and meals using credit cards issued by the trusts; (3) improper documentation of expenses related attendance at conferences; (4) failure to comply with various trust policies; (5) overpayment of wages to the trustees; and (6) and overall lack of oversight and controls. (**Exhibit 1**).

Its stated purpose is as follows:

> Local 18 and the DWP desire to create, establish, and maintain this Trust as an underlined independent advisory board that promotes joint labor-management activities designed to improve labor management relations and communications with respect to issues of health, safety, and training and to recommend preparatory and competency-based training and learning opportunities that create a flexible and skilled workforce that is committed to excellence in public service. The trust fund shall assist the DWP in the development of safety and training programs, information sharing, mentoring, research and establishment of programs and systems to support this mutual objective. The Trust shall also advise the DWP with regard to training, research, and findings, and recommend a diverse range of opportunities for training, retraining, and personal growth to enhance employee development and satisfaction. It shall identify necessary support areas for training with the appropriate technical skills and resources, identify targeted training for frontline employees, and suggest best training practices and resources to meet current and future work requirements and avoid duplication of program offerings.

(**Id., Purpose, pp. 1-2;** *see also id.,* **Mission Statement, pp. 2-3**) (emphasis added). The beneficiaries are "those employees of the DWP represented by Local 18 with respect to all aspects of safety and training on the job, either in the field or within DWP's various work facilities." (**Id., Designation of Beneficiaries, p. 1**). The JSTI Agreement reaffirms that the JSTI would be funded through those employees represented by Local 18 by monthly payroll deductions. (**Id., Art. VIII, p. 17**).

There is nothing in the JSTI Agreement that in any way indicates that JSTI was to be used for political activity or any other matter that could impinge on free speech. (**Exhibit 4,** *generally*). In fact, the safety and training programs for which monies are to be used is specified in the JSTI Agreement. (**Id., Arts. XI and XII, pp. 20-22**). Nor does the Complaint contain anything more than conclusory allegations that JSTI funds are being used for political purposes. (**Compl., ¶¶ 70, 72, 89, 92-94**).

## III.    LEGAL STANDARD

### A.    <u>Subject Matter Jurisdiction</u>

Pursuant to Fed. R. Civ. P. 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction "if the court lacks the statutory or constitutional power to

- 5 -

adjudicate it." "[T]he party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110 (2d. Cir. 2000); *see U.S. ex rel. Solis v. Millennium Pharms., Inc.*, 885 F.3d 623, 625 (9th Cir. 2018). "Where a jurisdictional issue is separable from the merits of a case, a court is…not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, and make findings of fact concerning the existence of jurisdiction." *Acevedo v. C & S Plaza Ltd. Liab. Co.*, No. 20-56318, 2021 WL 4938124, at \*1 (9th Cir. Oct. 22, 2021) (*citing Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987)).

## B.    Failure to State a Claim Upon Which Relief Can be Granted

Fed. R. Civ. P. 12(b)(6) permits the Court to dismiss a claim for "failure to state a claim upon which relief can be granted." In adjudicating a motion brought pursuant to Rule 12(b)(6), the Court is generally required to accept all factual allegations made in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). But more than mere speculation and legal conclusions are necessary. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* (internal citations, quotation marks, alterations and footnote omitted).

> [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will… be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679 (cleaned up). After discounting those allegations not entitled to the assumption of truth, the court can next proceed to consider whether those "factual allegations [entitled to the assumption of truth]…plausibly suggest an entitlement to relief." *Id*. at 681.

Moreover, the Court may consider documents outside the complaint if they are: (1) attached to the Complaint, *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003); (2) subject to judicial notice, *id*.; or (3) "incorporated into the complaint by reference," *J.K.J. v. City of San Diego*, 17 F.4th 1247, 1254 (9th Cir. 2021). A document is "incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Ritchie,* 342 F.3d at 908.

Defendant may offer such documents for consideration, "and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.*

> Thus, where the complaint makes conclusory allegations that are contradicted by documents referred to or incorporated in the complaint, a court may decline to accept such conclusory allegations as true. On the other hand, it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint.

*J.K.J.*, 17 F.4th at 1254 (cleaned up).

/ / /

/ / /

/ / /

/ / /

## IV.   ARGUMENT

The Complaint is brought pursuant to 42 U.S.C. § 1983.[4] Plaintiff claims that Defendant's alleged conduct alleged violates the First Amendment (Count One), the Procedural Due Process Clause (Count Two) and the Substantive Due Process Clause (Count Three). Plaintiff seeks several remedies, including a declaratory judgment and injunction relief on behalf of him and "similarly situated employees." For the following reasons, these claims all fail as a matter of law.

### A.   The Complaint Fails to State A Claim for *Monell* Liability.

"[A] municipality cannot be held liable under §1983 on a respondeat superior theory." *Monell,* 409 U.S. at 691 . Rather, for the City to be held liable under § 1983, the City itself must have acted in a manner prohibited by the constitution. That occurs where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," or where "constitutional deprivations [are] pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Id*. at 690-91. Policymaking authority is bestowed by legislative enactment or delegated by a City official possessing such authority. *See Pembaur v. City of Cincinatti*, 475 U.S. 469, 483 (1989). A municipal officer is not a final policymaker if his/her decisions are, *inter alia*, constrained by policy. *See City of St. Louis v. Praprotnik,* 485 U.S. 112, 127 (1988) (*plurality*).

Here, the City's role was ministerial – Cal. Gov't Code § 1157.12 mandates that: "(1) the Union exclusively process all employee requests to alter their union

---

[4] Sec. 1983 states that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory...subjects...any citizen…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law…." But § 1983 "is not itself a source of substantive rights…." *Albright v. Oliver*, 510 U.S. 266 (1994).

dues deduction from their wages; (2) the County accept Union certifications regarding which employees have authorized dues deductions; (3) the County [can]not require a copy of an employee's dues authorization unless a dispute arises over that authorization." *Quezambra v. United Domestic Workers of America AFSCME Local 3930*, 445 F.Supp.3d 695, 706 (C.D. Cal. 2020) (*discussing* Cal. Gov't Code § 1157.12(a)-(b)). The MOU's requirements are consistent with Cal Gov't Code § 1157.12. (**Exhibit 1, Art. VIII, §§ 8.5, 8.6(A)(2), 8.6(C)(1)**; **Compl., ¶¶ 33-39**). Indeed, Plaintiff alleges he requested that <u>the Union</u> end his dues and that <u>the Union</u> instructed the LADWP it would "<u>continue authorizing</u>" dues deductions until the opt-out period on April 1, 2021. (**Compl. ¶ 38**). Similarly, the JSTI, an <u>independent</u> body, also mandates that the City "shall deduct [fees] from the paychecks of all such bargaining-unit members and forward the same to this trust fund each pay period." (**Exhibit 4, Art. VIII**).

In *Quezambra*, while recognizing that "local governing bodies are subject to suit under [§] 1983" pursuant to *Monell*, this Court held that "here the complained of delegation of authority…does not so qualify" because the City was "simply complying with state law" and the agreed upon terms of the MOU and JSTI Agreement. *Id.* at 705-06; *see also Aliser v. SEIU California*, 419 F. Supp. 3d 1161, 1165 (N.D. Cal. 2019). The instant case is indistinguishable from *Quezambra*. Plaintiff simply has not stated a claim against the City pursuant to *Monell*.

## B.    <u>The First Amendment Does Not Prohibit the Conduct Alleged.</u>

### 1.    <u>Public Employee Speech under the First Amendment.</u>

The First Amendment provides, in relevant part, that the government "shall make no law…abridging the freedom of speech…." The protections of the First Amendment are not limited to restrictions on speech, but extend to "a freedom not to associate" and not to speak, *Roberts v. U.S. Jaycees*, 468 U.S. 609, 623 (1984); *see Janus*, 138 S.Ct. at 2463-64, including "prohibit[ing] – at least without sufficient justification by the government – compelling an individual to render

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 9 -

DEFENDANT CITY OF LOS ANGELES'S
NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT

financial support for others' speech," *Glickman v. Wileman Bros. & Elliott*, 521 U.S. 457, 471 (1997) (internal quotation marks omitted); *see Janus*, 138 S.Ct. at 2462 ("Compelling a person to <u>subsidize</u> the speech of other private speakers raises similar First Amendment concerns." (emphasis in original)).

But a public employee's First Amendment rights are not absolute. In *Pickering v. Bd of Educ.*, 391 U.S. 563 (1968) and its progeny, the Supreme Court held that a public employee's right to speak must be balanced with the compelling state interest to promote and effectuate efficient governance. An employee speaking pursuant to his official job duties is not protected by the First Amendment. *Garcetti v. Ceballos*, 547 U.S. 410, 421-22 (2006); *see Janus*, 138 S.Ct. at 2471 ("[E]mployee speech is largely unprotected if it is part of what the employee is paid to do."). Nor is an employee protected when he is speaking on a purely personal matter. *Connick v. Meyers*, 461 U.S. 138, 144-49 (1983). But when an employee is speaking as a citizen on a matter of public concern,[5] "the employee's speech is protected unless the interest of the state, as an employer, in promoting the efficiency of the public services it performs through its employees' outweighs the interests of the employee, as a citizen, in commenting upon matters of public concern." *Janus*, 138 S.Ct. at 2471 (cleaned up). The *Pickering* Test is designed "to ensure that public employers do not use authority over employees to silence discourse, not because it hampers public functions but simply because superiors disagree with the content of employees' speech." *Rankin v. McPherson*, 483 U.S. 378, 384 (1987).

/ / /

---

[5] Speech is on a "matter of public concern" if it "relates to any matter of political, social or other concern to the community…." *Connick*, 461 U.S. at 146. A "public concern is something that is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public at the time of publication." *City of San Diego v. Roe*, 543 U.S. 77, 83-4 (2004).

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT CITY OF LOS ANGELES'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

2.    The *Janus* Decision.

In *Abood v. Detroit Bd. of Educ.*, 431 U.S. 209 (1977), the Court held that nonmembers of public sector unions recognized as sole bargaining representative could be charged a service fee limited to the costs of collective bargaining, contract administration and grievance processes, and not used for "ideological causes not germane to… the collective bargaining [process]." *Id*. at 235. Anything else would "interfere with…the notion that an individual should be free to believe as he will, and that in a free society one's beliefs should be shaped by his mind and his conscience rather than coerced by the State." *Glickman*, 521 U.S. at 472. To the extent that a service fee impinged on First Amendment rights, it was justified by the compelling state interest of "labor peace" and preventing "free riders." *See Abood*, 431 U.S. at 224.

However, *Abood* was heavily criticized and limited over the 40+ years it remained law. *See, e.g., Harris v. Quinn*, 573 U.S. 616 (2014); *Knox v. Service Employees*, 567 U.S. 298 (2012). For example, in *Teachers v. Hudson*, 475 U.S. 292 (1986), the Court mandated that nonmembers be given notice containing "sufficient information to gauge the propriety of the union's fee" in order to allow nonmembers to challenge it. *See id.* at 306. But this became "a daunting and expensive task." *Janus*, 138 S.Ct. at 2482. In *Lehnert v. Ferris Faculty Assn.*, 500 U.S. 507 (1991), the majority adopted a test to help distinguish between chargeable fees that did not impinge on First Amendment rights with non-chargeable fees that did, *Lehnert*, 500 U.S. at 519, but it was too vague, *see Janus*, 138 S.Ct. at 2481.

Against this backdrop, the Supreme Court granted *certiori* in *Janus*. In *Janus*, Illinois law allowed public sector employees to unionize. *See Janus*, 138 S.Ct. at 2460. Employees were not required to join the union, but nonmembers were assessed a service fee as a condition of employment. *See id*. at 2460-61. Service fees could be used by the union for "the collective bargaining process, contract

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 11 -

DEFENDANT CITY OF LOS ANGELES'S
NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT

administration, and pursuing matters affecting wages, hours, and conditions of employment" and "other [] connected activities" such as "lobbying, social and recreational activities, advertising, membership meetings and conventions, [] litigation [and]…other unspecified services that may ultimately inure to the benefit of the members of the local bargaining unit," but not for costs associated with election or support of any political candidate. *Id*. at 2461 (internal quotation marks and alterations omitted). Mr. Janus was never a union member, and never agreed to pay union dues. He argued the service fee constituted compelled speech.

Applying "exacting scrutiny," *see id*. at 2465, *Janus* held that "the State may require that a union serve as exclusive bargaining agent for its employees," *see Mentele v. Inslee*, 916 F.3d 783 (9th Cir. 2019) (holding that government does not violate the First Amendment by authorizing a single union as the exclusive bargaining representative), but it "draw[s] the line at allowing the government to go further still and require all employees to support the union" in the form of a service fee "irrespective of whether they share its views." *Janus*, 138 S.Ct. at 2477-78; The Court found that the line between what is and is not First Amendment compelled speech is too blurry to administer, *see id*. at 2481, and rejected the defense's argument that *Pickering* and its progeny supported the conclusion in *Abood*, or even applied to compelled speech in the form of service fees, *see id*. at 2471-78. Thus, *Janus* concluded:

> … States and public-sector unions may no longer extract agency fees from <u>nonconsenting</u> employees….
>
> …Neither an agency fee nor any other payment to the union may be deducted from a nonmember's wages, nor may any other attempt be made to collect such a payment, unless the employee affirmatively consents to pay. By agreeing to pay, nonmembers are waiving their First Amendment rights, and such a waiver cannot be presumed. Rather, to be effective, the waiver must be freely given and shown by "clear and compelling" evidence. Unless employees clearly and affirmatively consent before any money is taken from them, this standard cannot be met.

*Id*. at 2486 (internal citations omitted; emphasis added).

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT CITY OF LOS ANGELES'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

*Janus* did not address whether an opt-out period or a compelled safety/training fee is prohibited by the First Amendment.

        3.   <u>The City's Compliance with the Opt-Out Period does not Violate the First Amendment</u>.

For purposes of this motion, the City does not dispute that union membership is protected by the First Amendment, and Plaintiff does not contest that the City is required to recognize Local 18 as the exclusive bargaining representative. Rather, Plaintiff claims that his First Amendment rights were violated by the City's compliance with the MOU's opt-out period. *Janus* is inapposite.

Indeed, Plaintiff's claims are forestalled by *Belgau v. Inslee*, 975 F.3d 940 (9th Cir. 2020), *cert. denied*, --- U.S. ---, 141 S.Ct. 2795 (2021). *See, e.g., Crouthamel v. Walla Walla Pub. Sch.*, 535 F. Supp. 3d 1025, 1034 (E.D. Wash. 2021) ("It is not this Court's prerogative to determine whether, as [p]laintiffs posit, the *Belgau* decision was wrongly decided."). In *Belgau*, Washington State did not compel union membership, but prior to *Janus*, nonmembers were assessed a service fee consistent with *Abood. See Belgau*, 975 F.3d at 944. The plaintiffs, hired prior to *Janus*, voluntarily became union members. *Id.* at 944. Shortly before *Janus*, they signed a revised membership agreement making it irrevocable for a year. *See id.* When *Janus* was decided, the plaintiffs resigned, but because they were still in the irrevocable period, dues continued for another nine months. *See id.*

The *Belgau* Court rejected the plaintiffs' argument that their First Amendment rights were violated by dues deductions taken after their resignation. The court held the plaintiffs contracted with the union to pay dues for at least a year, and nothing in the First Amendment or *Janus* voided that obligation. *Id.* at 950.

> The First Amendment does not support [the] [e]mployees' right to renege on their promise to join and support the union. This promise was made in the context of a contractual relationship between the union and its employees. When legal obligations are self-imposed state law, not the

First Amendment, normally governs. Nor does the First Amendment provide a right to disregard promises that would otherwise be enforced under state law.

*Janus* did not alter these basic tenets of the First Amendment. The dangers of compelled speech animate *Janus*. The Court underscored that the pernicious nature of compelled speech extends to compelling individuals to mouth support for views they find objectionable by forcing them to subsidize that speech. For that reason, the Court condemned the practice of automatically deducting agency fees from nonmembers who were not asked and not required to consent before the fees are deducted.

Employees, who are union members, experienced no such compulsion. …Employees were free to join [the union] or refrain from participating in union activities. Washington and [the union] did not force [the] [e]mployees to sign the membership cards or retain membership status to get or keep their public-sector jobs. [The] [e]mployees [] stated that they voluntarily authorized Washington to deduct union dues from their wages, and that the commitment would be irrevocable for a period of one year. Washington honored the terms and conditions of a bargained-for contract by deducting union dues only from the payrolls of Employees who gave voluntary authorization to do so. No fact supports even a whiff of compulsion.

*Id.* (cleaned up).

The court further rejected that the pre-*Janus* choice between union membership and paying a lesser service fee can establish coercion because "[c]hoosing to pay union dues cannot be decoupled from the decision to join a union" and the "choice to voluntarily join a union and the choice to resign from it" negates the idea that the original decision to join was coercive. *Id*. at 950-51. Nor did "*Janus* [] address th[e] financial burden of union membership" or "recognize members' right to pay nothing to the union." *Id*. at 951; *see also id*. at 951 & n. 5 (collecting cases showing "the swelling chorus of courts recognizing that *Janus* does not extend a First Amendment right to avoid paying union dues").

Finally, the court rejected that the right enunciated in *Janus* includes "the freedom not to pay union dues without consent that amount[s] to the waiver of a First Amendment right." *Id*. at 951 (internal quotation marks omitted). Rather, *Janus's* discussion that consent must be given "freely," "clearly" and

"affirmatively" applies only when determining whether waiver can be presumed, not when a membership card is signed; therefore, *Janus* "in no way created a new First Amendment waiver requirement for union members before dues are deducted pursuant to a voluntary agreement." *Id*. at 951-52. This decision is consistent with that of every other Circuit. *See, e.g., Bennett v. Council 31 of the Am. Fed'n of State, Cty. & Mun. Emps., AFL-CIO*, 991 F.3d 724, 730-33 (7th Cir.), *cert. denied sub nom. Bennett v. Am. Fed'n of State, Cty., & Mun. Emps., Council 31, AFL-CIO*, 142 S. Ct. 424 (2021); *Fischer v. Governor of New Jersey*, 842 Fed. Appx. 741 (3d Cir.), *cert. denied sub nom. Fischer v. Murphy*, --- U.S. ---, 142 S.Ct. 426 (2021); *Hendrickson v. AFSCME Council 18*, 992 F.3d 950, 960-62 (10th Cir.), *cert. denied,* --- U.S. ---, 142 S.Ct. 423 (2021); *see also Yates v. Washington Fed'n of State Emps., Am. Fed'n of States, Cty. & Mun. Emps., Council 28 AFL-CIO*, No. 3:20-CV-05082-BJR, 2020 WL 5607631, *1 (W.D. Wash. Sept. 16, 2020) (collecting cases).

Here, California's statutory scheme is nearly identical to that in Washington. *See* Cal. Gov't Code § 3501, *et seq*. Plaintiff had the choice to either become a union member and pay dues, or to pay a service fee. *See* Cal. Gov't Code § 3503 (*see also* **Exhibit 1, Art. 8 § 8.6(A)(1)(a)**). He voluntarily chose the former, and signed an authorization card. (**Compl., ¶ 20, Exhibit A**; *see also* **Exhibit 1, Art. 8, §§ 8.5, 8.6(C)(1)**). Plaintiff's contentions that his membership was coerced or not voluntary because he would have had to pay a service fee if not a member (**Comp., ¶¶ 21-22**) and otherwise would not have joined the union (*id.***, ¶¶ 23, 27**), is irrelevant to the analysis. *See Belgau*, 975 F.3d at 950-51; *Cooley v. California Statewide L. Enf't Ass'n*, No. 2:18-CV-02961-JAM-AC, 2019 WL 331170, at *3 (E.D. Cal. Jan. 25, 2019). Aside from Plaintiff's mere conclusory allegations, there is nothing to support Plaintiff's contention that his membership in the union was anything but voluntary.

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

- 15 -

DEFENDANT CITY OF LOS ANGELES'S
NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT

Moreover, during each year of Plaintiff's membership, from 2005 through 2020, Plaintiff had the option to resign. (**Compl., ¶ 40; Exhibit 1, Art. 8, § 8.5**). Nearly 15 years passed, including more than two after *Janus* was decided, without him doing so. (**id., ¶¶ 29-31, 33, Exhibit B**). His failure to do so is assent to his continued membership. *See Cooley*, 2019 WL 331170, at *3 ("Mr. Cooley could have properly resigned from the Union in June 2016 (during the CBA-provided window)."). And that the opt-out was in the MOU instead of the dues authorization card (**Compl., ¶ 39**) is not matter. *See, e.g.,, DiPietro v. Las Vegas Police Prot. Assn. Metro, Inc*., No. 220CV01481GMNVCF, 2021 WL 4096538, at *3-4 (D. Nev. Sept. 8, 2021). *Belgau* also disposed of any argument (**Compl., ¶¶ 81-88**) that *Janus* requires more assent to membership than Plaintiff gave to ensure his "affirmative consent." *Belgau*, 975 F.3d at 951.

Plaintiff's claims are indistinguishable from *Belgau* and must be dismissed.

### 4.  Plaintiff's First Amendment Rights were not Violated by Deductions Taken by the JSTI.

The same rationale that animates *Belgau* informs any discussion regarding Plaintiff's JSTI Fee claim.

*First*, as examined at length in the preceding section, post-*Janus* courts have limited their holdings to service fees. The JSTI Fee is not a service fee, and Plaintiff does not allege otherwise. There is no indication from the Ninth Circuit that it intends to extend *Janus* beyond its bounds.

*Second*, *Janus* is premised on the First Amendment and nothing more. The First Amendment is only implicated where free speech is at issue. But the JSTI Fee does not constitute speech – compelled or otherwise. The JSTI Agreement clearly states that the JSTI is an "independent advisory body" to "promote…issues of health, safety and training and to recommend preparatory and competency-based training and learning opportunities that create a flexible and skilled workforce that is committed to excellence in public service." (**Exhibit 4, Purpose, p. 1**). Plaintiff's

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 16 -

DEFENDANT CITY OF LOS ANGELES'S
NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT

conclusory allegations that these funds are used to support political speech cannot survive *Iqbal*/*Twombly*. And, even if the former JSI and JTI funds were used for political purpose – which Plaintiff's conclusory allegations are insufficient to support given no such findings in the Audit (**Exhibit 2**) – the JSTI is not the same as the JSI or JTI as made clear by both MOU Amendment #4 (Exhibit 3) and the JSTI Agreement (**Exhibit 4**). Absent nothing more than conclusory statements of First Amendment protected conduct, the JSTI Fee claim brought in Count One must be dismissed.

*Third*, as fully briefed in the preceding section, post-*Janus* courts all hold that an opt-out period does not infringe on First Amendment rights because it is contractual in nature. This logic extends to other financial obligations incurred by employees as the result of voluntary union membership, even if an employee later chooses to resign. The JSTI Fee is precisely such an obligation – a contractual commitment made by Plaintiff to JSTI as negotiated on his behalf by his exclusive bargaining representative. This is important – the contractual relationship is with a third party, and Defendant is simply deducting fees mandated by the trust, an independent body. This basic premise echoes *Belgau* wherein that court held that *Janus* did not void contractual commitments by employees to pay membership dues for at least a year. *See Belgau*, 975 F.3d at 950. This is especially true given that Plaintiff knowingly had no "right to return any money due and paid…into the Trust Fund." (**Exhibit 4, Article XIII, § 11**). Given the narrow reading the Courts have given to Janus, it is clear that its holding does not extend to prohibit the JSTI Fee.

### C.    The Procedural Due Process Clause of the Fourteenth Amendment Does Not Prohibit the Conduct Alleged.

The Due Process Clause of the Fourteenth Amendment prohibits the government from "depriv[ing] any person of life, liberty, or property, without due process of law." It is well settled that to state a claim under the Procedural Due Process clause, Plaintiff must allege that: (1) he has a constitutionally protected

property or liberty interest; and (2) that interest was denied without sufficient procedural protections. *Culinary Studios, Inc. v. Newson*, 517 F. Supp. 3d 1042, 1067 (E.D. Cal. 2021). "Otherwise articulated, a court first asks whether there exists a liberty or property interest of which a person has been deprived. If so, then the Court inquires as to whether the procedures protecting that right were constitutionally deficient." *Crouthamel*, 535 F. Supp. 3d at 1035 (*quoting Swarthout v. Cooke*, 562 U.S. 216, 219 (2011)) (cleaned up).

Plaintiff's argument regarding his rights to Procedural Due Process have already been flatly rejected.

> Several other district courts examining the same issue presented by the [] Complaint here have found that plaintiffs do not suffer a deprivation of a protected [] interest when a public entity deducts dues pursuant to plaintiffs' union membership agreements. Plaintiffs define the interest that was allegedly infringed as their interest in their wages, but…the question is not whether Plaintiff has a liberty or property interest in h[is] wages, as []he argues, but whether []he suffered a deprivation of a constitutionally protected interest when the [City] deducted membership dues according to Plaintiff['s] membership agreement[]. The answer, as this [c]ourt outlined above and every [c]ourt examining the question has concluded, is that []he did not suffer the deprivation of a liberty or property interest as []he voluntarily assented to Union membership and deduction of Union dues.

*Crouthamel*, 535 F. Supp. 3d at 1035-36; *accord Wagner v. Univ. of Washington*, No. 2:20-CV-00091-BJR, 2020 WL 5520947, at * 6, 12-13 (W.D. Wash. Sept. 11, 2020); *Marsh v. AFSCME Loc. 3299*, No. 2:19-CV-02382-JAM-DB, 2020 WL 4339880, at * 10, 26 (E.D. Cal. July 28, 2020); *see Woltkamp v. Lios Rios Classified, Emp. Assn.*, 539 F. Supp. 3d 1058, 1069 (E.D. Cal. 2021) (holding that the plaintiff was "improperly invoke[ing] procedural due process as a means of attempting to protect h[is] First Amendment rights."); *see also Smith v. Serv. Emps. Int'l Union, Loc. 668*, No. 1:20-CV-02316, 2021 WL 4743579, at *12 (M.D. Pa. Oct. 12, 2021) ("Plaintiff cannot establish the deprivation of a protected liberty or property interest based on dues deductions she herself authorized. The post-

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 18 -

DEFENDANT CITY OF LOS ANGELES'S
NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT

resignation deduction of membership dues—for a limited period pursuant to a union membership agreement—does not constitute a deprivation of an individual liberty interest" when the dues were deducted to satisfy a contractual obligation to the union and did not violate the First Amendment.… Plaintiff's due process claims are no more than thinly veiled First Amendment claims." (cleaned up)).

Therefore, Count Two must be dismissed.

### D.    The Substantive Due Process Clause is Inapplicable.

In a new twist on prior litigation by the Freedom Foundation, Plaintiff asserts a Substantive Due Process violation. But this claim fairs no better than the others.

*First*, in *Graham v. Connor*, 490 U.S. 386 (1989), the Supreme Court held:

> Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims."

*Albright v. Oliver,* 510 U.S. 266, 273 (1994) (plurality) (*quoting Graham,* 490 U.S. at 395 (internal quotation marks omitted)). Here, the Complaint plainly asserts that the constitutional protection at issue is the right to free speech. Indeed, Count Three is titled "inherently arbitrary deprivation of <u>free speech</u> liberty interest." (Emphasis added). In ¶ 113, Plaintiff further alleges that he "has a cognizable liberty interest in <u>his First Amendment</u> right against <u>compelled speech</u>" (emphasis added), in ¶ 119 that "Cal. Gov't Code § 1157.12 and the applicable MOU has the purpose and effect of arbitrarily burdening Deering's ability to exercise his <u>First Amendment</u> rights against <u>compelled speech</u>" (emphasis added) and in ¶ 122 that the deductions "create[] an inherent and arbitrary…burden[] [on] Deering's ability to exercise his <u>First Amendment</u> rights" (emphasis added). There can be no question that First Amendment provides an explicit textual source to protect the right to free speech. Therefore, Plaintiff's attempt to plead a claim under the Substantive Due Process Clause fails on its face.

*Second*, as set forth above in Section C and now incorporated herein, Plaintiff has not alleged that any property or liberty interest was at issue, and surely, there is no allegation in the Complaint regarding a deprivation of right based on compelled payments to the union.

*Third*, Plaintiff's claims to do not fit into the substantive due process rubric. "[T]he substantive issue involves a definition of th[e] protected constitutional interest, as well as identification of the conditions under which competing state interests might outweigh it." *Washington v. Harper*, 494 U.S. 210, 220 (1990). It "forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with the rights implicit in the concept of ordered liberty.'" *Corales v. Bennett*, 567 F.3d 554, 568 (9th Cir. 2009) (citations omitted). As opposed to Procedural Due Process, Substantive Due Process seeks to bar oppressive government conduct. *See Daniels v. Williams*, 474 U.S. 327, 331 (1986). However, as a threshold matter, the government's conduct must have deprived Plaintiff of life, liberty or property is at issue. *E.g., Capp v. City of San Diego*, 940 F.3d 1046, 1060 (9th Cir. 2019). Plaintiff's attempt to plead a substantive process fails.

As explained by the Ninth Circuit:

> Federal courts have always been reluctant to expand the concept of substantive due process because guideposts for responsible decision-making in this uncharted area are scarce and open ended. The Court has cautioned that we must therefore exercise the utmost care whenever we are asked to break new ground in this field, lest the liberty protected by the Due Process Clause be subtly transformed into the policy preferences of federal judges. Furthermore, the Fourteenth Amendment is not a font of tort law to be superimposed upon whatever systems may already be administered by the States. Substantive due process is ordinarily reserved for those rights that are fundamental.

*Brittain v. Hansen*, 451 F.3d 982, 990 (9th Cir. 2006) (internal citations and quotation marks omitted). For a claim to survive a motion to dismiss, the Complaint

Ford & Harrison LLP
Attorneys At Law
Los Angeles

- 20 -

DEFENDANT CITY OF LOS ANGELES'S
NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT

must allege conduct "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *City of Sacramento v. Lewis*, 523 U.S. 833, 847 n. 8 (1998). In the context of public employment, the relevance of the Substantive Due Process is generally limited to only the most extreme cases. *See, e.g., Engquist v. Oregon Dep't of Agric.*, 478 F.3d 985, 997–98 (9th Cir. 2007), *aff'd on other grounds*, 553 U.S. 591 (2008) (where "occupational liberty" is limited by government action, "we limit [a substantive due process] claim to extreme cases, such as a government blacklist…only in extreme cases" where "government employer action[] foreclose[s] access to a particular profession to the same degree as government regulation.").

Whether the Substantive Due Process clause could ever be implicated by a union dues or union fee deduction scheme has never been decided, and it is highly doubtful given it is routinely done throughout the country in public sector employment. Moreover, the conclusory allegations of the Complaint that the JSTI funds are being misused for political purposes (**Compl., ¶¶ 70-72, 89, 92, 93**) is insufficient. The JSI/JTI Audit in 2015 did not find those funds were so used (**Exhibit 2**), nor does Plaintiff make an allegation that they were, and neither fund has operated since 2017 (**Exhibit 3**). The JSTI Agreement itself makes clear that the purpose of the trust is for safety and training, and nothing more (**Exhibit 4**). Even assuming, *arguendo*, that Plaintiff has a property or liberty interest at stake, it is clear that Plaintiff does not allege the type of egregious, "shock the conscious" conduct prohibited by the Substantive Due Process clause.

Therefore, Plaintiff fails to state a claim in Count Three that his Substantive Due Process Rights were violated.

### E.    Plaintiff Lacks Standing to Seek Declaratory and Injunctive Relief Regarding the Union Dues.

Article III of the U.S. Constitution confers power on the U.S. courts while also limiting their jurisdiction. "Article III confines the federal judicial power to the

resolution of 'Cases' and 'Controversies'" meaning that Plaintiff "must have a 'personal stake' in the case – in other words, standing." *TransUnion LLC v. Ramirez*, --- U.S. ---, 141 S.Ct. 2190, 2203 (2021). "In every federal case, the party bringing the suit must establish standing to prosecute the action." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11, *reh. denied*, 542 U.S. 961 (2004). "A plaintiff must demonstrate constitutional standing separately for each form of relief requested." *Davidson v. Kimberly-Clark Corp.,* 889 F.3d 956, 967 (9th Cir. 2018) (*citing Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S. 167, 185 (2000)).

In *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992), the Supreme Court held that "[t]o establish standing, a plaintiff must show that he (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Boardman v. Inslee*, 978 F.3d 1092, 1117 (9th Cir. 2020), *cert. denied*, --- U.S. ---, 142 S. Ct. 387 (2021) (internal quotation mark omitted). "If the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve," and, therefore, "federal courts do not adjudicate hypothetical or abstract disputes," "publicly opine on every legal question" or "issue advisory opinions." *TransUnion*, 141 S. Ct. at 2203.

But to be entitled to injunctive relief, Plaintiff must plead facts that he "is likely to suffer future injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983). And "[d]eclaratory relief requires evidence that the declaration being sought will remedy the alleged injury." *Schumacher v. Inslee*, 474 F. Supp. 3d 1172, 1175 (W.D. Wash. 2020). Past injury alone is insufficient. *E.g., Lyons*, 461 U.S. at 102; *Davidson*, 889 F.3d at; *Cram v. Loc. 503 Serv. Emps. Int'l Union*, No. 6:20-CV-00544-MK, 2021 WL 526327, at *3 (D. Or. Feb. 8, 2021), *R&R adopted*, No. 6:20-CV-544-MK, 2021 WL 1041134 (D. Or. Mar. 17, 2021); *Semerjyan v. Serv. Emps. Int'l Union Loc. 2015*, 489 F. Supp. 3d 1048, 1059 (C.D. Cal. 2020); *Schumacher*,

474 F. Supp. 3d at 1175.

This law is dispositive of Plaintiff's Union Dues claims seeking equitable relief. Plaintiff's dues stopped in April, 2021. (**Compl., ¶ 49**). Thus, Plaintiff seeks injunctive and declaratory relief for <u>past</u> conduct. The courts have unanimously held that Plaintiffs do not have standing. *E.g., Stoia v. Yee*, No. 220CV01760KJMDMC, 2021 WL 3847725, at \*2 (E.D. Cal. Aug. 27, 2021); *Hubbard v. SEIU Loc. 2015*, No. 220CV00670KMEFB, 2021 WL 3472241, at \*3 (E.D. Cal. Aug. 6, 2021); *Zielinski v. Serv. Emps. Int'l Union Loc. 503*, 499 F. Supp. 3d 804, 810 (D. Or. 2020); *Semerjyan*, 489 F. Supp. 3d at 1059-60; *Yates*, 2020 WL 5607631, \*2; *Schumacher*, 474 F. Supp. 3d at 1175; *Durst v. Oregon Educ. Ass'n*, 450 F. Supp. 3d 1085, 1088 (D. Or. 2020), *aff'd*, 854 Fed. Appx 916 (9th Cir. 2021), *cert. denied sub nom. Anderson v. SEIU Loc. 503*, No. 21-609, 2022 WL 89327 (U.S. Jan. 10, 2022); *Ochoa v. Serv. Emps. Int'l Union Loc. 775*, No. 2:18-CV-0297-TOR, 2019 WL 4918748, at \*3 (E.D. Wash. Oct. 4, 2019).[6]

Nor can Plaintiff premise standing based on the rights of others. *See Powers v. Ohio*, 499 U.S. 400, 410-11 (1991) (setting forth standard for third party standing). Any attempt to do so fails under *Boardman*. In *Boardman*, the plaintiffs challenged a law prohibiting their access to other bargaining unit members' personal information, alleging this law violated other bargaining unit members' First Amendment rights to receive information about *Janus. See Boardman*, 978 F.3d at 1100-03. The *Boardman* Court held that the plaintiffs "do not assert their own legal rights, but those of third parties…[and] have therefore failed to establish standing to bring this claim." *Id*. at 1117 (internal quotation marks omitted). Nor do Plaintiff's alleged "past injuries give [him] standing to obtain injunctive relief to protect third parties from similar harms." *Gratz v. Bollinger*, 539 U.S. 244, 284 (2003)

---

[6] Each of these courts has also rejected the "capable of repetition yet evading review" exception in these cases.

Without standing, Plaintiff's request for equitable relief must be dismissed.

**F.      Plaintiff's Claims with Respect to Payments Made to the JSTI are, in Part, Untimely.**

It is well-settled that 42 U.S.C. § 1983 borrows the statute of limitations from the forum state's statute of limitations for personal injury claims. *See Wallace v. Kato*, 549 U.S. 384, 387-88 (2007). Effective January 1, 2002, the statute of limitations for personal injuries in California is two years. *See* Cal. Civ. Proc. Code § 335.1; *see also, e.g., Coleman v. Virga*, No. 217CV0851KJMKJNP, 2022 WL 47594, at *6 (E.D. Cal. Jan. 5, 2022) ("For claims brought under 42 U.S.C. § 1983, the applicable statute of limitations is California's statute of limitations for personal injury actions. In California, there is a two-year statute of limitations in § 1983 cases."). Plaintiff alleges injury retroactive to October 1, 2018 when monthly automatic deductions from his paycheck began for JSTI funding. Given that Plaintiff did not file this lawsuit until September 17, 2021, any claim for reimbursement for fees charged October 1, 2018 through September 16, 2019 are untimely.

## V.      CONCLUSION

For the foregoing reasons, the Court should dismiss the complaint, and each cause of action, in its entirety.

DATED: February 1, 2022              Respectfully submitted,

FORD HARRISON LLP


By: /s/ *Jessica Bradley*
Kenneth M. Jones
Jessica E. Bradley
Johanna G. Zelman
Ryan O'Donnell
Attorneys for Defendants
CITY OF LOS ANGELES

# PROOF OF SERVICE

I, Esperansa Reinold, declare:

I am a citizen of the United States and employed in Los Angeles, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071.  On February 1, 2022, I served a copy of the within document(s):

**DEFENDANT CITY OF LOS ANGELES'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

☒　**ELECTRONICALLY**:  I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System.  I served those parties who are not registered participants of the ECF System as indicated below.

☐　**BY E-MAIL OR ELECTRONIC TRANSMISSION.** I caused the documents to be sent to the persons at the email address listed above in a PDF file, and the transmission appeared to be successful.

| | |
|---|---|
| Elena Marie Ives<br>Timothy R. Snowball<br>Freedom Foundation<br>PO Box 552<br>Olympia, WA 98507 | Attorneys for Plaintiff<br><br>T: (360) 956-3482<br>F: (360) 352-1874<br>E: eives@freedomfoundation.com<br>　 tsnowball@freedomfoundation.com |
| Donald William Heine, Jr.<br>Schwartz Steinsapir Dohrmann and Sommers<br>6300 Wilshire Boulevard<br>Suite 2000<br>Los Angeles, CA 90048 | Attorneys for Defendants International Brotherhood of Electrical Workers Local 18, Brian D'Arcy, Gus Corona, Martin Marrufo, Rafael Lopez, Martin Adams, Andrew Kendall, David Wright and Richard Harasick<br><br>T: (323) 655-4700<br>F: (323) 655-4488<br>E: dwh@ssdslaw.com |
| Jeffrey A. Rich<br>CAAG – Office of the Attorney General California Dept. of Justice<br>1300 I Street<br>Suite 125<br>Sacramento, CA 95814 | Attorney for Rob Ronta<br><br>T: (916) 210-6043<br>F: (916) 234-8835<br>E: jeffrey.rich@doj.ca.gov |

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT CITY OF LOS ANGELES'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on February 1, 2022, at Los Angeles, California.

Esperansa Reinold