Rob Bonta
Attorney General of California
Anthony R. Hakl
Supervising Deputy Attorney General
Jeffrey A. Rich
Deputy Attorney General
State Bar No. 108589
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-6043
  Fax: (916) 324-8835
  E-mail: Jeffrey.Rich@doj.ca.gov
*Attorneys for Defendant Rob Bonta, in his official*
*capacity as Attorney General of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

CENTRAL DISTRICT

| | |
|---|---|
| **CHRISTOPHER DEERING,**<br><br>Plaintiff,<br><br>v.<br><br>**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 18, et al.,**<br><br>Defendants. | 2:21-cv-07447-DSF-AS<br><br>**DEFENDANT ROB BONTA'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT**<br><br>Date:  March 28, 2022<br>Time:  1:30 p.m.<br>Courtroom:  7D<br>Judge:  Honorable Dale S. Fischer |

# TABLE OF CONTENTS

**Page**

Introduction ............................................................................................................... 1

Argument ................................................................................................................... 1

I.     There Are No Facts Alleged in the Complaint Showing That the
Ex Parte Young Exception Applies ........................................................ 1

    A.    Plaintiff Fails to Allege Any Ongoing Violations of
Federal Law by the Attorney General ........................................ 1

    B.    Plaintiff Has Not Alleged and Cannot Allege the Attorney
General's Connection with Plaintiff's Injuries ........................... 3

II.    Alternatively, Plaintiff's Claims against the Attorney General
Are Facially Defective Because They Fail to Allege the
Attorney General's Connection with Any of the Other Two
Defendants' Alleged Culpable Conduct ................................................ 4

Conclusion ................................................................................................................ 5

i

1

# TABLE OF AUTHORITIES

2

**Page**

3

**CASES**

4

5    *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*
        729 F.3d 937 (9th Cir. 2013) ................................................................. 3
6
7    *Bank of America, N.A. v. Knight*
        725 F.3d 815 (7th Cir. 2013) ................................................................. 4
8
9    *L.A. Cty. Bar Ass'n v. Eu*
        979 F.2d 697 (9th Cir. 1992) ................................................................. 3
10
11   *Long v. Van de Kamp*
        961 F.2d 151 (9th Cir. 1992) ................................................................. 2
12
13   *Peñalbert-Rosa v. Fortuño-Burset*
        631 F3d 592 (1st Cir. 2011) ................................................................. 4
14
15   *Semerjyan v. Serv. Emps. Intl. Union Loc. 2015*
        489 F.Supp.3d 1048 (C.D.Cal. 2020) ..................................................... 1
16
17   *Snoeck v. Brussa*
        153 F.3d 984 (9th Cir. 1998) ................................................................. 3
18
19   *Sweeney v. Madigan*
        359 F. Supp.3d 585 (N.D. Ill. 2019) .................................................... 3, 4

**STATUTES**

20
21   California Government Code § 1157.12 ................................................. 2, 3
22
     California Health & Safety Code § 25983(c) ............................................ 3
23

**COURT RULES**

24   Rule 12(b)(6) ........................................................................................ 4

25

26

27

28

1
2
## INTRODUCTION

3    Plaintiff does not dispute that his claims against Defendant Rob Bonta, sued in
4  his official capacity as the California Attorney General, are barred under the
5  Eleventh Amendment unless the *Ex parte Young* exception applies.  Plaintiff
6  disputes that the *Ex parte Young* exception applies, but he has not identified any
7  allegations showing that the Attorney General has engaged in any past wrongful
8  conduct, much less past wrongful conduct that will continue if not enjoined by the
9  Court.  Similarly, plaintiff fails to offer any apposite authorities to support his
10  contention that the mere conclusions asserted in the complaint are an adequate
11  substitute for facts showing the requisite direct connection for the application of
12  *Ex Parte Young*.

13    Any amendment of the complaint would be futile, it being manifest that no
14  facts exist supporting the application of *Ex parte Young* against the Attorney
15  General.  If such facts existed, Plaintiff would have certainly alleged them in his
16  complaint.  Accordingly, the Attorney General's motion to dismiss should be
17  granted without leave to amend.

18
## ARGUMENT

19
20  I.   **THERE ARE NO FACTS ALLEGED IN THE COMPLAINT SHOWING THAT THE EX PARTE YOUNG EXCEPTION APPLIES**

21
     A.   **Plaintiff Fails to Allege Any Ongoing Violations of Federal Law by the Attorney General**

22
23    "To allege a claim under *Ex parte Young*, a complaint must assert an ongoing
24  violation of federal law and seek prospective relief."  *Semerjyan v. Serv. Emps. Intl.*
25  *Union Loc. 2015*, 489 F.Supp.3d 1048, 1055 (C.D.Cal. 2020).  According to
26  Plaintiff, the Attorney General's ongoing violations of federal law are alleged in
27  complaint paragraphs 80-125.  ECF 99 at 33–34.

28

1

But there are no facts alleged in paragraphs 80-125, including the paragraph 7 allegations incorporated by reference,[1] specifying any past wrongful conduct by the Attorney General, much less facts supporting the proposition that such conduct is likely to continue.  Indeed, the complaint has not alleged, and could not allege, that the Attorney General has threatened to act in the future to deprive Plaintiff of any federal constitutional rights.  Correspondingly, the complaint's prayer for prospective relief—declaratory judgment and permanent injunction—does not specifically identify any wrongful conduct as the subject concerning such relief.  ECF 1 at 21–22.

Despite the absence of any factual allegations showing the Attorney General is engaged in an "ongoing violation of federal law," Plaintiff nevertheless attempts to show he satisfies this *Ex Parte Young* requirement by simply asserting, "[n]ot only is it likely that the Attorney General will employ his supervisory powers against Deering's interests, *see Long v. Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992), he is here now in this Court doing that very thing by defending the constitutionality of Section 1157.12."  ECF 99 at 35.  This contention fails.

As an initial matter, the complaint does not even challenge section 1157.12 as itself unconstitutional.  Rather, it concerns certain conduct under that statute by defendants other than the Attorney General, claiming that those actions amount to violations of plaintiff's constituional rights.  *See* ECF 1 at 17–24 ("As a result, Defendants' scheme under Cal. Gov't Code § 1157.12 and the applicable MOU has the purpose and effect of arbitrarily burdening Deering's ability to exercise his First Amendment rights against compelled speech.")  Moreover, as discussed in the Attorney General's motion, a generalized duty to enforce state law or general

---

[1] According to paragraph 7, "Defendant Rob Bonta, California's Attorney General, is sued in his official capacity as the representative of the State of California charged with the enforcement of state laws, including the statute challenged in this case.  The actions of the City and IBEW 18, occurring under the sole authority provided by state law, are defended as constitutional by the Attorney General."  ECF 1 at 4.

1   supervisory power over the persons responsible for enforcing the challenged

2   provision will not subject an official to suit.  *L.A. Cty. Bar Ass'n v. Eu*, 979 F.2d

3   697, 704 (9th Cir. 1992).  ECF 80-1 at 12.

4       There is no ongoing violation of federal law alleged as to the Attorney

5   General.  His motion to dismiss under the Eleventh Amendment can be granted on

6   this basis alone.

7   **B.    Plaintiff Has Not Alleged and Cannot Allege the Attorney
           General's Connection with Plaintiff's Injuries**

8

9       Plaintiff's reliance on *Ass'n des Eleveurs de Canards et d'Oies du Quebec v.*

10  *Harris*, 729 F.3d 937, 943 (9th Cir. 2013), is misplaced.  There, California Health

11  & Safety Code § 25983(c), "expressly authorize[d] enforcement of the statute by

12  district attorneys and city attorneys."  *Ass'n des Eleveurs*, at 943.  "The

13  combination of § 25983, which gives district attorneys the authority to prosecute

14  violations of § 25982, and the Attorney General's duty to prosecute as a district

15  attorney establishes sufficient enforcement power for *Ex Parte Young*."  *Id.*  Here,

16  § 1157.12, does not expressly authorize enforcement of that statute by district

17  attorneys and city attorneys, or the Attorney General.  Accordingly, the *Ex Parte*

18  *Young* connection requirement cannot be satisfied.  *See Snoeck v. Brussa*, 153 F.3d

19  984, 986 (9th Cir. 1998) ("connection must be determined under state law

20  depending on whether and under what circumstances a particular defendant has a

21  connection with the challenged state law").

22      Further, *Sweeney v. Madigan*, 359 F. Supp.3d 585, 592 (N.D. Ill. 2019) is

23  plainly inapposite.  Unlike the circumstances here, *Sweeney* involved the Illinois

24  Attorney General who was "responsible for prosecuting violations of Illinois Labor

25  Relations Board orders and for seeking injunctive relief in Illinois' courts on behalf

26  of parties complaining of Labor Act violations.  Although tangential to the

27  enforcement role of the Illinois Labor Relations Board, the Court consider[ed]

28  [those] powers sufficient to establish a connection to the enforcement of the

[Illinois Public Labor Relations Act]." *Sweeney*, 359 F.Supp.3d at 592.  No such similar California Attorney General duties are alleged, or could be alleged, by Plaintiff.

Plaintiff fails to offer any authorities to support his contention that he has alleged sufficient facts to show the requisite direct connection for the application of *Ex Parte Young*.  The motion to dismiss should be granted.

**II. ALTERNATIVELY, PLAINTIFF'S CLAIMS AGAINST THE ATTORNEY GENERAL ARE FACIALLY DEFECTIVE BECAUSE THEY FAIL TO ALLEGE THE ATTORNEY GENERAL'S CONNECTION WITH ANY OF THE OTHER TWO DEFENDANTS' ALLEGED CULPABLE CONDUCT**

The Attorney General's motion to dismiss is brought on the alternative ground, under Rule 12(b)(6), that the complaint fails to allege facts which would make the Attorney General a plausible defendant.  "Defendants cannot simply be grouped together in a claim without some specification as to which defendant is responsible for which wrong. *Bank of America, N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) (complaint based on a theory of collective responsibility must be dismissed). An adequate complaint must include not only a plausible claim but also a plausible defendant. *Peñalbert-Rosa v. Fortuño-Burset*, 631 F3d 592, 594 (1st Cir. 2011)."  ECF 80-1 at 13–14.

Plaintiff's opposition fails to respond to the Attorney General's alternative Rule 12(b)(6) motion, and therefore, tacitly concedes the motion.

# CONCLUSION

For the foregoing reasons, the Attorney General's motion to dismiss the complaint should be granted without leave to amend.

Dated:  March 14, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General

*/s/ Jeffrey A. Rich*

JEFFREY A. RICH
Deputy Attorney General
*Attorneys for Defendant Rob Bonta, in his official capacity as Attorney General of California*

SA2021305057
36007103

5

# CERTIFICATE OF SERVICE

Case Name:    **Deering, Christopher v.**          No.    **2:21-CV-07447**
              **International Brotherhood of**
              **Electrical Workers Local 18, et**
              **al.**

I hereby certify that on <u>March 14, 2022,</u> I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT ROB BONTA'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>March 14, 2022</u>, at Sacramento, California.

| Lindsey Cannan | /s/ *Lindsey Cannan* |
|---|---|
| Declarant | Signature |

SA2021305057
36003271