SCHWARTZ, STEINSAPIR, DOHRMANN & SOMMERS LLP
D. William Heine, Esq. (111079)
Alejandro Delgado (302717)
Attorneys at Law
6300 Wilshire Boulevard, Suite 2000
Los Angeles, California 90048-5268
Telephone: (323) 655-4700
Facsimile: (323) 655-4488
E-mail: dwh@ssdslaw.com
E-mail: afd@ssdslaw.com

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DEERING, individual, <br><br> Plaintiff, <br><br> vs. <br><br> INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 18, an employee organization; CITY OF LOS ANGELES, a public agency; ROB BONTA, in his official capacity as Attorney General of California; BRIAN D'ARCY, GUS CORONA, MARTIN MARRUFO, RAFAEL LOPEZ, MARTIN ADAMS, RICHARD HARASICK, ANDREW KENDALL, and DAVID WRIGHT, trustees of the Joint Safety and Training Institute <br><br> Defendants. | CASE NO. 2:21-CV-07447-DSF-AS <br><br> **DEFENDANTS' IBEW LOCAL 18 AND JSTI'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS** <br><br> **DATE:     MARCH 28, 2022** <br> **TIME:       1:30 P.M.** <br> **COURTROOM:     7D** <br><br> **JUDGE:   HON. DALE S. FISCHER** |

# TABLE OF CONTENTS

ARGUMENT ..........................................................................................................7

I. PLAINTIFF LACKS STANDING To ASSERT HIS CLAIMS AGAINST THE JSTI TRUSTEES..................................................................................................7

II. PLAINTIFF HAS NOT AND CANNOT ALLEGE SUFFICIENT FACTS THAT SHOW LOCAL 18 OR THE JSTI TRUSTEES VIOLATED HIS FIRST AMENDMENT RIGHTS. .......................................................................................8

  A. Local 18's Alleged Conduct Did Not Violate Plaintiff's First Amendment Rights. ...............................................................................................................8

    1. The Deduction Of Dues Did Not Violate Plaintiff's First Amendment Rights Under *Janus* Or Any Case Or Theory. ....................................................8

    2. The DWP's Deduction Of Employee Contributions To Fund JSTI Are Not Governed By *Janus* And Do Not Violate Plaintiff's First Amendment Rights. ............................................................................................................10

  B. JSTI's Alleged Conduct Does Not Violate Plaintiff's First Amendment Rights. ...............................................................................................................12

III. PLAINTIFF HAS NOT AND CANNOT ALLEGE SUFFICIENT FACTS THAT SHOW LOCAL 18 OR JSTI'S ALLEGED CONDUCT CONSTITUTES STATE ACTION. .................................................................................................13

  A. Local 18's Alleged Conduct Does Not Constitute State Action. .................13

    1. Plaintiff Has Not And Cannot Allege Sufficient Factual Allegations Of State Action Under *Janus*. ..............................................................................13

    2. Local 18's Alleged Conduct Does Not Satisfy The First Prong Of The *Lugar* Test. ...................................................................................................15

    3. Local 18's Alleged Conduct Does Not Satisfy The Second Prong Of The *Lugar* Test. ...................................................................................................17

      A) Local 18's Alleged Conduct Does Not Satisfy The Joint Action Test. ...17

      B) Local 18's Alleged Conduct Does Not Satisfy The Government Nexus Test. ...............................................................................................................19

4. The Window Period Provided In The MOU Should Not Change The
Court's Analysis. ...................................................................................20

5. Local 18's Decision To Negotiate In Collective Bargaining And Authorize
The Deduction Of Employee Contributions To Fund JSTI Does Not
Constitute State Action. ..........................................................................21

B. JSTI's Alleged Conduct Does Not Constitute State Action. ........................22

1. JSTI's Alleged Conduct Does Not Satisfy The First Prong Of The *Lugar*
Test. ........................................................................................................22

2. JSTI's Alleged Conduct Does Not Satisfy The Second Prong Of The *Lugar*
Test. ........................................................................................................22

A) JSTI's Alleged Conduct Does Not Satisfy The Public Function Test. .....23

B) JSTI's Alleged Conduct Does Not Satisfy The Joint Action And
Government Nexus Tests. ........................................................................25

CONCLUSION ...................................................................................................25

# TABLE OF AUTHORITIES

**Cases**

*Am. Mfrs. Mut. Insu. Co. v. Sullivan*

  526 U.S. 40 (1999) ...................................................................................17

*Anderson v. Nat'l R.R. Passenger Corp. (AMTRAK)*

  754 F.2d 202 (7th Cir. 1984).....................................................................23

*Anderson v. Serv. Emps. Int'l Union Loc. 503*

  400 F. Supp. 3d 1113 (D. Or. 2019)

  *aff'd sub nom. Anderson v. Serv. Emps. Int'l Union (SEIU) Loc. 503*, 854

  F.App'x 915 (9th Cir. 2021) ........................................................................8

*Bain v. California Tchrs. Ass'n*

  2016 WL 6804921 (C.D. Cal. May 2, 2016) .................................12, 19

*Belgau v. Inslee*

  975 F.3d 940 (9th Cir. 2020)............................................................passim

*Blum v. Yaretsky*

  457 U.S. 991 (1982) ...................................................................................13

*Cooley v. California Statewide L. Enf't Ass'n*

  385 F. Supp. 3d 1077 (E.D. Cal. 2019)......................................................8

*Cty. of Riverside v. McLaughlin*

  500 U.S. 44 (1991) .......................................................................................6

*Fisk v. Inslee*

  759 F.App'x 632 (9th Cir. 2019) .................................................................8

*Hallinan v. Fraternal Ord. of Police of Chicago Lodge No. 7*

  570 F.3d 811 (7th Cir. 2009).......................................................17, 18, 22

*Janus v. Am. Federation of State, City & Municipal Employees, Council 31; AFL-CIO*

  942 F.3d 352 (7th Cir. 2019) ....................................................................13

*Kirtley v. Rainey*

  326 F.3d 1088 (9th Cir. 2003)...................................................................18

*Labarrere v. Univ. Pro. & Tech. Emps., CWA 9119*
  493 F. Supp. 3d 964 (S.D. Cal. 2020) ................................................................14

*Loritz v. U.S. Ct. of Appeals for Ninth Cir.*
  382 F.3d 990 (9th Cir. 2004) .................................................................................6

*Lugar v. Edmondson Oil Co.*
  457 U.S. 922 (1982) .........................................................................15, 16, 20, 21

*Naoko Ohno v. Yuko Yasuma*
  723 F.3d 984 (9th Cir. 2013) ...............................................................................15

*Pablo Labarrere; Sam Doroudi, Plaintiffs-Appellants, v. University Professional and Technical Employees (UPTE) CWA 9119; Michael V. Drake, M.D., in his official capacity as President of the Univ. of California, Defendants-Appellees.*
  No. 20-56173, 2022 WL 260868 (9th Cir. Jan. 27, 2022) ...................................14

*Quezambra v. United Domestic Workers of Am. AFSCME Loc. 3930*
  445 F.Supp.3d 695 (C.D. Cal. 2020) ............................................................12, 18

*Quirarte v. United Domestic Workers AFSCME Loc. 3930* 438 F.Supp.3d 1108
  (S.D. Cal. 2020)...........................................................................................passim

*Raines v. Byrd*
  521 U.S. 811, 81 (1997) .........................................................................................6

*Seager v. United Tchrs. Los Angeles*
  2019 WL 3822001 (C.D. Cal. Aug. 14, 2019)
  *aff'd*, 854 F.App'x 927 (9th Cir. 2021) ..................................................................8

*Semerjyan v. Serv. Emps. Int'l Union Loc. 2015*
  489 F. Supp. 3d 1048 (C.D. Cal. 2020) ...........................................17, 19, 22, 24

*Smith v. Bieker*
  2019 WL 2476679 (N.D. Cal. 2019)
  *aff'd*, 854 F.App'x 937 (9th Cir. 2021) ..............................................................8, 12

*Tsao v. Desert Palace, Inc.*
  698 F.3d 1128 (9th Cir. 2012) ..............................................................................12

*United States v. Hays*
   515 U.S. 737 (1995) ............................................................................... 6

*United Steelworkers of Am. v. Sadlowski*
   457 U.S. 102, 121 n.16, 102 S.Ct. 2339, 72 L.Ed.2d 707 (1982) ...................... 12

**ARGUMENT**

**I. PLAINTIFF LACKS STANDING TO ASSERT HIS CLAIMS AGAINST THE JSTI TRUSTEES.**

Deering does not challenge Defendants' specific argument that he does not have standing to assert his claims against the JSTI Trustees because he has not and cannot allege that (a) he has suffered an injury-in-fact, (b) his injury is traceable to JSTI's alleged challenged actions, or, (c) that his injury is redressable. (*See* IBEW, Local 18 and JSTI's Memorandum of Points and Authorities in support of Motion to Dismiss ("MPA") at 25-26 (citing *Loritz v. U.S. Ct. of Appeals for Ninth Cir.*, 382 F.3d 990, 991-92 (9th Cir. 2004); *United States v. Hays*, 515 U.S. 737, 743 (1995) (party seeking the exercise of jurisdiction in his favor bears burden)); Opposition to Defendants' Motions to Dismiss ("Opp.") at 28-34.) "At the core of the standing doctrine is the requirement that a plaintiff allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 51 (1991) (quotations and citations omitted); *see Raines v. Byrd*, 521 U.S. 811, 819 (1997) (plaintiff's complaint must establish that he has a personal stake and the alleged injury suffered is particularized as to him).

Deering lacks standing to sue the JSTI Trustees because he has not alleged and cannot allege that he suffered an injury-in-fact traceable to their actions. The gravamen of Deering's claims against the JSTI Trustees is that he was allegedly injured by the deduction of employee contributions to fund JSTI. However, Deering admits that it was Local 18 and the City, and not JSTI, who were responsible for the deductions. (Compl., ¶ 64; *see also id.*, ¶¶ 65-72, 74, 81-83, 89-94, 103-107, 115-122.) Therefore, he has not and cannot allege an injury that is "traceable" to the conduct of the JSTI Trustees. (*Ibid.*; *see Loritz*, 382 F.3d at 991-92.) Deering's alleged injury by JSTI is also not redressable. A decision in Deering's favor agsinst JSTI's Trustees would not cure the alleged injury because

it was Local 18 and the City who implemented and carried out the deductions for contributions to fund JSTI.  *Ibid.*  Because Deering does not challenge these specific arguments and authority, the Court should credit them and find that it lacks subject matter jurisdiction to decide Deering's claims as to the JSTI Trustees. At a minimum, the Court should dismiss the Complaint as it applies to JSTI without leave to amend.

**II. PLAINTIFF HAS NOT AND CANNOT ALLEGE SUFFICIENT FACTS THAT SHOW LOCAL 18 OR THE JSTI TRUSTEES VIOLATED HIS FIRST AMENDMENT RIGHTS.**

**A. Local 18's alleged conduct did not violate Plaintiff's First Amendment rights.**

**1. The deduction of dues did not violate Plaintiff's First Amendment rights under *Janus* or any case or theory.**

Deering's arguments that DWP's continued deduction of dues after he resigned his membership in Local 18 violated his First Amendment rights under *Janus* are contradictory and without merit.  Deering argues that the Complaint's factual allegations are nearly identical to the facts before the Court in *Janus* because, like Mark Janus, he is a non-member whose dues were deducted without his affirmative authorization or consent.  (Opp. at 6-7.)  But the factual allegations of the Complaint, Deering's own arguments, and the language he cites from *Janus* show that this is not the case.

*Janus* held that public employers and unions "may no longer extract agency fees from nonconsenting employees" who choose not to join a union or authorize dues deductions.  *Janus,* --- U.S. ---, 138 S.Ct. 2448, 2486 (2018).  The Ninth Circuit in *Belgau* and many other circuit and district courts have made clear that "*Janus* does not extend a First Amendment right to avoid paying dues" and does not apply to cases, such as this case in which a plaintiff voluntarily becomes a union member and thereby consents to dues deductions.  *Belgau v. Inslee*, 975 F.3d

940, 951 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 2795 (2021) (citing 18 cases); *see Janus*, 138 S.Ct. at 2448.  To the contrary, the Ninth Circuit and its district courts, including this Court, have repeatedly held that a union's post-membership deduction of dues in accordance with a dues deduction authorization's irrevocability provisions do not violate the First Amendment rights of former members who voluntarily agreed to join a union and pay dues.  *Belgau*, 975 F.3d at 950-51 (dues deductions irrevocable for a period of one year); *Fisk v. Inslee*, 759 F.App'x 632 (9th Cir. 2019); *Smith v. Teamsters Loc. 2010*, 2019 WL 6647935, *1 (C.D. Cal. Dec. 3, 2019); *Seager v. United Tchrs. Los Angeles*, 2019 WL 3822001, *1 (C.D. Cal. Aug. 14, 2019), *aff'd*, 854 F.App'x 927 (9th Cir. 2021); *Anderson v. Serv. Emps. Int'l Union Loc. 503*, 400 F.Supp.3d 1113 (D. Or. 2019), *aff'd sub nom. Anderson v. Serv. Emps. Int'l Union (SEIU) Loc. 503*, 854 F.App'x 915 (9th Cir. 2021); *Cooley v. California Statewide L. Enf't Ass'n*, 385 F. Supp. 3d 1077 (E.D. Cal. 2019); *Smith v. Bieker*, 2019 WL 2476679, *1 (N.D. Cal. 2019), *aff'd*, 854 F.App'x 937 (9th Cir. 2021).

In his opposition, Deering admits that "Mark Janus was a non-union member who never authorized dues deductions . . . ." (Opp. at 6.)  In contrast, here, there is no dispute that Deering voluntarily became a member of Local 18 and authorized the deduction of dues.  (Compl., ¶¶ 20-25.)  Deering does not allege any facts showing that becoming a union member was a condition of his employment with the DWP or that he was coereced into signing a membership agreement or the dues deduction authorization card.  Indeed, he admits that he voluntarily executed the union membership agreement and dues authorization.  (*Ibid.*)  Nor does he dispute Defendants' arguments that he voluntarily joined Local 18 and agreed to the deduction of his union dues from his paycheck.  (MPA at 23-24 (citing Compl. ¶¶ 20-25).)  Thus, the instant case is not governed by *Janus* and the DWP's deduction of dues does not violate Deering's First Amendment rights.

Deering's arguments that *Belgau* is inapposite are also without merit. Deering essentially argues that *Belgau* does not apply to his case because the "opt-out period" provision was not expressly recited in the dues deduction authorization card he signed in 2005.  (Opp. at 8.)  But this should not change the Court's analysis.

Deering does not dispute that Article 8.5 of the 2005-2010 MOU, which contains the "opt-out period" provision, was a provision of the collective bargaining agreement that was in effect when he signed his dues authorization card.  (MPA at 24 (citing Compl., ¶¶ 5 fn.1, 6, 21, 36-40); *see also* Compl., ¶¶ 20-25, 33-42, Ex. A at 17-18).  Nor has Deering alleged in his Complaint or argued that he was not aware of the "opt-out period" provision under Article 8.5 of the 2005-2010 MOU.  (*See* Compl.; Opp.)  Thus, Deering was aware of the opt-out period and understood that the City would continue deducting dues until the opt-out period if he cancelled his dues deduction authorization.  (*See* MPA, Ex. A at 18.)  Because Deering does not challenge these specific arguments and authority, the Court should credit them and find that they are controlling.

**2. The DWP's deduction of employee contributions to fund JSTI are not governed by *Janus* and do not violate Plaintiff's First Amendment rights.**

Deering erroneously argues that the DWP's deduction of employee contributions to fund JSTI fall squarely within the Supreme Court's holding in *Janus* because they are not expressly mentioned in the dues deduction authorization card and he did not otherwise provide his affirmative consent to these deductions.  (Opp. at 7-8, 21-22.)  Deering, however, fails to cite any authority to support his position.  (*Ibid.*)  Nor does Deering dispute that *Janus'* holding is limited to fees deducted from a nonmember's wages and *paid to a union*.  (*See id.*; MPA at 24-25 (citing *Janus*, 138 S.Ct. at 2486).)  In fact, Deering admits that, in *Janus*, "The Court found that, '[n]either an agency fee *nor any other payment* to

the union may be deducted from a nonmember's wages, nor may any other attempt be made to collect such a payment unless the employee affirmatively consents to pay'"—but ignores the Court's statement that its holding is limited to fees deducted and paid to unions.  (Opp. at 6 (emphasis in original) (quoting *Janus*, 138 S.Ct. at 2486).)  Because Deering's Opposition fails to respond to these arguments, the Court should credit Defendants' arguments and find that the deduction of employee contributions to JSTI does not fall under *Janus* or violate Deering's First Amendment rights.

Deering's equating the deduction of employee contributions to fund an employee benefit provided by JSTI with the deduction of nonmembers agency fees that were proscribed by *Janus* is an attempt to mislead the Court.  Deductions for employee contributions to JSTI and other contractual benefits, such as retirement or healthcare benefits, are negotiated in collective bargaining.  They are legally separate and distinct from deductions for members' dues or nonmembers' agency fees and governed by different laws.  *Compare* Cal. Gov't Code § 1157.12 (dues deductions) *with id.* § 3505. (duty to bargain).  There is no dispute that Local 18 negotiated and implemented the deduction of employee contributions to fund JSTI in collective bargaining with the City.  (*See* Compl. ¶¶ 50, 51, 60, 64, 67-72; Defs.' Local 18 and JSTI Trustees' MPA, Ex. A at 75-76 ; *id.*, Ex. B at 1; City's MPA, Ex. 3 at 6.)  Like other MOU terms, such as those that provide for the deduction of employee contributions to fund the retirement plan, the deduction of employee contributions to fund JSTI is a contractual term governed by Local 18 and the City's duty to bargain under California Government Code § 3505 and Local 18's duty of fair representation to its members under the Meyers-Milias-Brown Act (California Government Code §§ 3500-3510).  (*See* Compl., Ex. H (deductions for "Retirement Plan" and "JSI/JTI"); MPA, Ex. A at 72-73 ("Article 37 <u>Employee's Retirement Plan</u>"); Defendant City of Los Angeles's Memorandum of Points and Authorities In Support Thereof ("City's MPA"), Ex. 3 at 5 ("Article 37

1  Employee's Retirement Plan"); *see also* Golden *v. Local 55 of the Int'l Ass'n of*

2  *Firefighters*, 633 F.2d 817 (9th Cir. 1980) (implied duty of fair representation

3  under MMBA); *Amalgamated Transit Union, Local 1704 (Buck)*, PERB Dec. No

4  1898-M, p. 2 (2007) (same).)  Those deductions for employee contributions to fund

5  contractual benefits are not governed by California Government Code § 1157.12,

6  which applies specifically to the deduction of dues.  Thus, the continued deduction

7  of employee contributions to fund JSTI violate Deering's constitutional rights no

8  more than did the continued deduction of employee contributions to fund the

9  retirement plan after Deering allegedly requested that Local 18 "cease deducting

10 *all* dues, fees, and political contributions."  (*See* Compl., ¶ 34, Ex. B (emphasis

11 added).)

12    **B. JSTI's alleged conduct does not violate Plaintiff's First Amendment**

13    **rights.**

14    Even if the Court infers, in Plaintiff's favor, that the JSTI Trustees or JSTI

15 were responsible for authorizing the deduction of employee contributions to fund

16 JSTI (it should not), the Court should find that the deduction of employee

17 contributions to fund JSTI does not fall under *Janus* or otherwise violate Deering's

18 First Amendment rights for the same reasons described in the previous section,

19 **Section II.A.2**.

20    Deering also does not challenge Defendants' specific arguments and

21 authority establishing that JSTI is an independent advisory body whose purpose is

22 to improve labor-management relations and communications with respect to issues

23 of health, safety, and training, for, as Deering admits in his complaint, the "benefit

24 of employees represented by IBEW" and to "improve employee productivity and

25 work life."  (MPA at 29 (citing Compl., ¶¶ 50-51); *see id.* at 28-30.)  Nor does

26 Deering challenge Defendants' arguments that his allegations that JSTI used these

27 contributions for political speech are conclusory or insufficient, or otherwise

28 provide sufficient factual allegations of political speech by JSTI.  (*See id.* at 30.)

Therefore, the Court should credit these arguments and authority and find that they are controlling.

## III. PLAINTIFF HAS NOT AND CANNOT ALLEGE SUFFICIENT FACTS THAT SHOW LOCAL 18 OR JSTI'S ALLEGED CONDUCT CONSTITUTES STATE ACTION.

### A. Local 18's alleged conduct does not constitute state action.

#### 1. Plaintiff has not and cannot allege sufficient factual allegations of state action under *Janus*.

In his Opposition, Deering argues that, in *Janus*, the Supreme Court never questioned that unions are state actors who may violate the First Amendment in order to show that Local 18's alleged conduct constitutes state action. But Deering mistakes the Court's reasoning in that case. As an initial matter, courts, including the Ninth Circuit and this Court, have repeatedly recognized that unions, including those representing public employees, are private actors and are not state actors for the purposes of determining liability under 42 U.S.C. §1983. "There is a general rule that unions are not state actors and that rule 'is not discarded merely because of the existence of a [collective bargaining agreement] negotiated with a *government entity*.'" *Quezambra v. United Domestic Workers of Am. AFSCME Loc. 3930*, 445 F.Supp.3d 695, 703 (C.D. Cal. 2020) (emphasis added) (quoting *Smith*, 2019 WL 6647935 at *5) (public-sector union) (citing *Bain v. California Tchrs. Ass'n*, 2016 WL 6804921, *7 (C.D. Cal. May 2, 2016) (public-sector union)). "As a private party, the union is generally not bound by the First Amendment, see *United Steelworkers of Am. v. Sadlowski*, 457 U.S. 102, 121 n.16, 102 S.Ct. 2339, 72 L.Ed.2d 707 (1982) [("*Sadlowski*")], unless it has acted 'in concert' with the state 'in effecting a particular deprivation of constitutional right,' *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012) (citations omitted)." *Belgau*, 975 F.3d at 947 (public sector union not bound by the First Amendment).

*Janus* did not disturb this well-established principle.  *See Janus*, 138 S.Ct. 2448.  The First Amendment claim before the Supreme Court was not brought under 42 U.S.C. § 1983, so the Court did not discuss the statute, much less hold, that unions are state actors under the statute.  *Id.*  In *Janus*, the state involvement was clear, as Illinois law required public employees who chose not to join the union to pay agency fees (i.e. a percentage of full union dues) and allowed for the deduction of these fees without first obtaining consent from affected employees. *Janus*, 138 S.Ct at 2460-61, 2478-79, 2486.  The Ninth Circuit found in *Belgau*, that *Janus* does not apply in cases, such as the instant case, where a plaintiff voluntarily joins a union and consents to dues deductions.  *Belgau*, 975 F.3d at 946-48.  The Ninth Circuit stated that it was "not persuaded by Employees' attempts to avoid the state action analysis by framing their grievance as direct challenges to government action . . . Neither are we swayed by Employees' attempts to fill the state-action gap by equating authorized dues deduction with compelled agency fees.  The *actual claim* is aimed at deduction of dues without a constitutional waiver, not a deduction of agency fees, which did not occur."  *Id.* (citing *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (state action analysis is aimed at "the *specific conduct* of which the plaint complains") (emphasis in original). Here, as in *Belgau*, Deering's claims are based on an alleged deduction of dues and employee contributions to fund JSTI without a constitutional waiver, and not a deduction of agency fees.  (*See* Compl., ¶¶ 81-88, 89-94, 103-107, 114-122.) Because the instant case does not involve compelled agency fees, any requirement by the City that its employees join Local 18 or pay dues, or other state coercion, *Janus* does not apply.  (*Id.*; *Belgau*, 975 F.3d at 948-49.)  The court's holding in post-*Janus* case, *Janus v. Am. Federation of State, City & Municipal Employees, Council 31; AFL-CIO*, 942 F.3d 352 (7th Cir. 2019) (*"Janus II"*), that a union acted under color of state law when it collected agency fees is based on the same compulsory agency fee arrangement as *Janus I*, and, therefore, is inapposite and

14

1  inapplicable to the instant case for the same reasons as *Janus I*. *Janus II*, 942 F.3d

2  at 354-61.

3      Because both *Janus* cases are inapposite, Deering must allege sufficient facts

4  of some other significant concert of action between Local 18 and the City, to

5  support a plausible inference that Local 18's alleged conduct constitutes state

6  action under 42 U.S.C. § 1983, which he has not and cannot do.

7      **2. Local 18's alleged conduct does not satisfy the first prong of the**

8      ***Lugar* test.**

9      Deering argues that the first prong of the *Lugar* test is satisfied because the

10  deduction for dues and employee contributions to fund JSTI were deducted

11  pursuant to California Government Code § 1157.12. (Opp. at 17-18.) However, as

12  Local 18 already pointed out in its opening brief, the Ninth Circuit and this district

13  court have rejected § 1983 claims by voluntary union members who have

14  challenged their unions' membership and dues rules, policies, and internal

15  decisions on the ground that such union conduct was not an exercise of state

16  authority. (MPA at 14-15 (citing *Belgau*, 975 F.3d at 946-47; *Smith*, 2019 WL

17  6647935 at *5-6; *Quirarte v. United Domestic Workers AFSCME Loc. 3930*, 438

18  F.Supp.3d 1108, 1115-16 (S.D. Cal. 2020); *Labarrere v. Univ. Pro. & Tech.*

19  *Emps., CWA 9119*, 493 F. Supp. 3d 964, 969-70 (S.D. Cal. 2020), *aff'd sub nom.*

20  *Pablo Labarrere; Sam Doroudi, Plaintiffs-Appellants, v. University Professional*

21  *and Technical Employees (UPTE) CWA 9119; Michael V. Drake, M.D., in his*

22  *official capacity as President of the Univ. of California, Defendants-Appellees.*,

23  No. 20-56173, 2022 WL 260868 (9th Cir. Jan. 27, 2022).) That is because, in

24  contrast to state laws that required public employees who chose not to join a union

25  to pay agency fees, California Government Code § 1157.12 does not require public

26  employees to join a union or otherwise pay dues. Nor does the MOU. (*See* MPA,

27  Ex. A, Article 8.5; *Belgau*, 975 F.3d at 948-49 (differentiating between claims

28  involving compulsory agency fees for public employees who chose not to join the

15

1   union and those involving former union members who voluntarily agreed to pay

2   dues).)  In these types of cases, Courts have found that the plaintiffs could not meet

3   the first prong of the *Lugar* test because "the harm that Plaintiffs complain of

4   actually stems from the [dues deduction agreements] they signed—which [are]

5   wholly private agreement[s] that cannot be traced back to 'the exercise of some

6   right or privilege created by the State or by a rule of conduct imposed by the state."

7   *Smith*, 2019 WL 6647935 at *5 (quoting *Naoko Ohno v. Yuko Yasuma*, 723 F.3d

8   984, 994 (9th Cir. 2013) ("harm that Plaintiffs complain of actually stems from the

9   Membership Agreements they signed"); *see also* MPA at 14-15; *Belgau*, 975 F.3d

10   at 946-47; *Quirarte*, 438 F.Supp.3d at 1115 ("The crux of Plaintiffs' alleged harm

11   in this case results from the dues deduction assignments that Plaintiffs voluntarily

12   signed with the Union."); *Labarrere*, 493 F.Supp.3d at 970 (quoting *Belgau*, 975

13   F.3d at 947).  Deering does not challenge these specific arguments and authority;

14   therefore, the Court should credit them and find that they are controlling.

15       Deering also argues in conclusory fashion that the "state policy is the same

16   as that in *Lugar*" without explaining how or providing mandatory authority to

17   support his argument.  (Opp. at 18.)  The argument lacks merit because *Lugar*

18   involved a Virginia law that provided a prejudgment procedure for attaching

19   property, which is distinguishable from the state law allegedly at issue here,

20   California Government Code § 1157.12, which does not provide for significant

21   state involvement in the authorization for dues deductions.  *Lugar v. Edmondson*

22   *Oil Co.*, 457 U.S. 922, 922-25 (1982).  Moreover, a quick review of the law review

23   article cited by Deering shows that these arguments appear to be based on the

24   collection of agency fees, which are not at issue here (and, is, again, an attempt by

25   Deering to mislead the Court).   (Opp. at 18 (quoting William Baude & Eugene

26   Volokh, *Compelled Subsidies and the First Amendment*, 132 Harv. L.Rev. 171,

27   201 (2018).)  The actual language from the law review article shows that Deering,

28   out of desperation to fill the state-action gap, attempts to mislead the Court by

replacing the words "agency fees" with "dues or fees." (*Compare* Opp. at 18
("[S]tatutes authorizing the collection of *[dues or fees]* are [] state action, just as in
*Lugar*.") (emphasis added) *with* Baude & Volokh, *Compelled Subsidies and the
First Amendment*, 132 Harv. L.Rev. at 201 ("The state statutes authorizing the
collection of *agency fees* are unconstitutional state action, just as in Lugar.")
(emphasis added).)

Because the Complaint's factual allegations establish that the source of
Deering's alleged constitutional harm is his dues deduction agreement with Local
18, the alleged violation cannot be traced back to the exercise of some right or
privilege created by or by rule of conduct imposed by the city or state and the first
prong of the *Lugar* test cannot be satisfied. *See Smith*, 2019 WL 6647935 at *5
(quoting *Ohno*, 723 F.3d at 994).

**3. Local 18's alleged conduct does not satisfy the second prong of the
*Lugar* test.**

**a) Local 18's alleged conduct does not satisfy the Joint Action
Test.**

Deering, relying on *Janus* and its prohibition on agency fees, erroneously
argues that DWP's continued deduction of dues after he resigned his membership
in Local 18 satisfies the joint action test. (Opp. at 18-20.) But as Local 18 already
pointed out in its opening brief, the Ninth Circuit and other federal courts have
repeatedly found that a union's authorization of payroll deductions and their
ministerial processing by the state pursuant to a state statute or collective
bargaining agreement does not constitute state action under the joint action test, or
any test,[1] where the union and employees enter into membership and dues

---

[1] "The 'most relevant'" of the four tests the Supreme Court has identified for
determinig whether a priviate individual's actions amount to state action "are the
'public function' and 'joint action tests,' as these tests 'largely subsume' the other
two. *Ohno*, 723 F.3d at 995 & n.13." *Semerjyan*, 489 F.Supp.3d at 1057 (quoting
*Tsao*, 698 F.3d at 1140).

deduction agreements without significant encouragement or oversight by the state. (MPA at 16-18 (citing *Belgau*, 975 F.3d at 947-48; *id.* at 947, fn.2; *Bain*, 2016 WL 6804921 at *8 ("Automatic payroll deduction are the sort of ministerial act that do not convert the Union Defendants' membership dues and expenditures decisions into state action.") (citing *Hallinan v. Fraternal Ord. of Police of Chicago Lodge No. 7*, 570 F.3d 811, 817-18 (7th Cir. 2009)); *Smith*, 2019 WL 6647935 at *6-8; *Semerjyan v. Serv. Emps. Int'l Union Loc. 2015*, 489 F. Supp. 3d 1048, 1056-59 (C.D. Cal. 2020); *Quezambra*, 445 F.Supp.3d at 702-05; *Quirarte*, 438 F.Supp.3d at1116-18; *Labarrere*, 493 F.Supp.3d at 970-71).)

Deering argues that California Government Code § 1157.12 and the MOU empower Local 18 and the City "to work in concert to affect the deprivations Deering claims." (Opp. at 19.) But the Ninth Circuit and other courts have repeatedly specifically found that deducting dues pursuant to state law or a contractual relationship does not constitute joint action. Where a public employer is required by state law to "enforce the membership agreement" but "it ha[s] no say in shaping the terms of that agreement[, t]he state cannot be said to provide significant assistance to the underlying acts that [an employee] contends constitute the core violation of its First Amendment rights . . ." *Belgau*, 975 F.3d at 947-48. Nor does "[a] merely contractual relationship between the government and the non-governmental party [] support joint action; . . . . no significant interdependence exists unless the 'government in any meaningful way accepts benefits derived from the allegedly unconstitutional actions.'" *Id*. at 948 (citations omitted). Instead, "[m]uch more is required; the state must have so 'significantly encourage[d] the private activity as to make the State responsible for' the allegedly unconstitutional conduct." *Id*. (quoting *Am. Mfrs. Mut. Insu. Co. v. Sullivan*, 526 U.S. 40, 53 (1999)). Deering does not challenge these specific arguments and authority; therefore, the Court should credit them and find that they are controlling.

//

Deering does not allege that the City required him to join Local 18 or pay
dues as a condition of employment, determined the terms of his dues deduction
agreement with Local 18, oversaw his decision to voluntarily sign the dues
deduction authorization, or otherwise allege sufficient factual allegations
establishing joint action.  (Compl., ¶¶ 81-88, 94, 103-107, 114-122.)  Instead,
Deering repeatedly relies on self-serving and bare conclusory statements that the
dues deductions were "unquestioningly state action" and were "direct aid and
enabling" without providing sufficient factual allegations.  (Opp. at 19.)  For these
reasons, the Court should find Deering has not alleged sufficient facts to establish
joint action.

**b) Local 18's alleged conduct does not satisfy the Government
Nexus Test.**

Deering also argues that Local 18's alleged conduct satisfies the government
nexus test, but, again, only points to the deduction of dues pursuant to California
Government Code § 1157.12.  (Opp. at 19-20.)  "The Ninth Circuit and the parties
each recognize that the governmental nexus test is the most vague of the four tests
and its answer tends to track those of the other three tests."  *Quezambra*, 445
F.Supp.3d at 704  (citing *Kirtley v. Rainey*, 326 F.3d 1088, 1094 (9th Cir. 2003)).
Just as with the joint action test, and generally for the same reaons, the Ninth
Circuit and other federal courts have repeatedly found that a union's authorization
of payroll deductions and their ministerial processing by the state pursuant to a
state statute does not constitute state action under the governmental nexus test
where there is no significant encouragement or oversight by the state.  (MPA at 16-
18 (citing *Belgau*, 975 F.3d at 947-48; *id.* at 947, fn.2; *Bain*, 2016 WL 6804921 at
*8 ("Automatic payroll deduction are the sort of ministerial act that do not convert
the Union Defendants' membership dues and expenditures decisions into state
action.") (citing *Hallinan*, 570 F.3d at 817-18); *Smith*, 2019 WL 6647935 at 8
("Section 3583(a) does not dictate certain actions that Defendant Union must take

1  when it incorporates dues deductions provisions into its Membership Agreement . .

2  . [and] there has been no showing that the State was involved in drafting the

3  Membership Agreements, or in securing Plaintiffs' consent to become members.");

4  *Quezambra*, 445 F.Supp.3d at 704-05 ("no sufficiently closed nexus" for the same

5  reasons there is no joint action) (citing *Bain*, 2016 WL 6804921, at *7 ("The

6  government's ministerial obligation to deduct dues for members and agency fees

7  for nonmembers under a collective bargaining agreement does not transform

8  decisions about membership [ ] into state actions."); *Quirarte*, 438 F.Supp.3d at

9  1117 ("As previously stated, the Court is not convinced that the deduction of dues

10  pursuant to the membership agreements lends to a finding of a sufficiently close

11  nexus between the Union and the State and therefore the governmental nexus test

12  has also not been met.").)  Deering does not challenge these specific arguments and

13  authority; therefore, the Court should credit them and find that they are controlling.

14      Deering fails to otherwise provide sufficient factual allegations, arguments,

15  or cases that establish that Local 18's alleged conduct satisfies the government

16  nexus test.  For these reasons, the Court should find Deering has not alleged

17  sufficient facts to support a plausible inference of government nexus here.

18      **4. The window period provided in the MOU should not change the**

19        **Court's analysis.**

20      Deering has also not refuted Defendants' arguments that, even if the

21  window-period provision was not included in the dues deduction authorization,

22  courts, including this Court, have repeatedly held that a union's internal policies

23  and practices, including changes in dues assessments, do not meet any of the tests

24  for state action.  (MPA at 19 (citing cases); *see generally id.* at 18-20.)  Deering

25  does not allege or argue that the City was in any way involved in, much less

26  coerced or significantly encouraged, any alleged decision by Local 18 to not

27  include the window period provision in the dues deduction authorization.  (*Id.* at 19

28  (citing Compl., ¶¶ 20-25, Ex. A, 33-42,  Exs. B, C, D, 43-47, Exs. E, F).)  Nor does

1  the adoption of the provision as a term in the MOU establish state action.  (*Id.*)

2  Deering does not challenge these specific arguments and authority; therefore, the

3  Court should credit them and find that they are controlling.

4       **5. Local 18's decision to negotiate in collective bargaining and authorize**

5       **the deduction of employee contributions to fund JSTI does not**

6       **constitute state action.**

7       Deering erroneously argues that JSTI is a state actor and the deduction of

8  employee contributions to fund JSTI constitutes state action because these

9  deductions are effected under California Government Code § 1157.12.  (Opp. at

10  20-24.)  This argument does not have merit because, as the Complaint's allegations

11  show, it was Local 18, not JSTI, who negotiated and authorized these deductions.

12  (*See* Compl. ¶¶ 50, 51, 60, 64, 67-72; MPA, Ex. A at 75-76; *id.*, Ex. B at 1; City's

13  MPA, Exs. 3-4.)  JSTI did not negotiate or authorize these deductions, and,

14  therefore, did not engage in the alleged state action.  (*Ibid.*)  This is precisely why

15  Deering lacks standing as to his claims agiainst JSTI.  (*See* **Section I**; MPA at 25-

16  26.)

17       To further clarify Local 18's arguments in its operning brief, Deering has not

18  and cannot allege sufficient facts to establish that the negotiation and authorization

19  of these deductions meets the first prong of the *Lugar* test.  (*See* MPA at 20.)

20  Deering's "claimed constitutional harm" is that the deductions for employee

21  contributions to JSTI were made without his affirmative consent.  (Compl., ¶¶ 89-

22  94, 103-107, 114-122; *see Belgau*, 975 F.3d at 946-47.)  Thus, the "source of the

23  alleged constitutional harm" is not California Government Code § 3505.  Nor is it

24  § 1157.12, which does not apply to the deductions for employee contributions to

25  fund benefits that are negotiated through collective bargaining, such as JSTI or

26  retirement benefits.  *See Belgau*, 975 F.3d at 946-47.  Rather, the source of

27  Deering's alleged constitutional injury is the decision to negotiate and authorize

28  the deduction of employee contributions to fund JSTI, which Defendants have

1  already shown does not satisfy either prong of the *Lugar* test.  (*See* MPA at 20-22;
2  Opp. at 17-24.)

3       Deering does not challenge Local 18's specific arguments and authority that
4  show that Local 18's decision to negotiate and authorize the deduction of
5  employee contributions to fund JSTI does not satisfy either prong or otherwise
6  constitute state action; therefore, the Court should credit them and find that they
7  are controlling.  (*See* MPA at 20-22; Opp. at 17-24.)

8       **B. JSTI's alleged conduct does not constitute state action.**

9       **1. JSTI's alleged conduct does not satisfy the first prong of the *Lugar***
10      **test.**

11      Deering erroneously argues that JSTI's alleged conduct meets the first prong
12  of the *Lugar* test.  Even if the Court infers in Plaintiff's favor that the JSTI
13  Trustees are proper defendants (they are not), Deering has not and cannot allege
14  sufficient facts to show that JSTI's alleged authorization of deduction of employee
15  contributions meets the first prong of the *Lugar* test for the same reasons discussed
16  in **Section III.A.2**.

17      **2. JSTI's alleged conduct does not satisfy the second prong of the *Lugar***
18      **test.**

19      Deering erroneously argues that JSTI's alleged deduction of employee
20  contributions to fund JSTI pursuant to California Government Code § 1157.12
21  satisfies the public function, joint action, and government nexus tests.  (Opp. at 23-
22  24 (citing *Lugar*, 457 U.S. at 941-42).)  Even assuming it is true that JSTI
23  allegedly authorizes the deduction of employee contributions to fund JSTI pursuant
24  to California Government Code § 1157.12 (it is not), this argument lacks merit for
25  the same reasons discussed in **Section III.A.3.a-b**, as federal courts have
26  repeatedly found that the authorization of fee deductions and their ministerial
27  processing by the state pursuant to a state statute or collective bargaining
28  agreement does not constitute state action under any test where there is no

significant encouragement or oversight by the state.  (citing MPA at 16-18; *Belgau*, 975 F.3d at 947-48; *id.* at 947, fn.2; *Bain*, 2016 WL 6804921 at *8 ("Automatic payroll deduction are the sort of ministerial act that do not convert the Union Defendants' membership dues and expenditures decisions into state action.") (citing *Hallinan*, 570 F.3d at 817-18); *Smith*, 2019 WL 6647935 at *6-8; *Semerjyan*, 489 F.Supp.3d at 1056-59; *Quezambra*, 445 F.Supp.3d at 702-05; *Quirarte*, 438 F.Supp.3d at1116-18; *Labarrere*, 493 F.Supp.3d at 970-71).)

**a) JSTI's alleged conduct does not satisfy the Public Function Test.**

Deering does not allege sufficient factual allegations or provide authority that show that the deduction of employee contributions to fund JSTI is a "public function that is "'both traditionally and exclusively governmental.'"  *Smith*, 2019 WL 6647935 at *6 (authorization to deduct dues not a public function); Compl., ¶¶ 50-52, 60-74, 89-94, 103-107, 114-122; Opp. at 22-23; *see also Belgau*, 975 F.3d at 947, fn.2; *Semerjyan*, 489 F. Supp. 3d 1058 ("Union's real-world conduct is that it maintains a list of union members and represents to the State that those members have authorized the State to deduct dues from their paychecks . . . . is not a public function."); *Quezambra*, 445 F.Supp.3d at 703 ("Union merely reports to the government a list of individuals who it represents as having authorized the deduction of dues . . . . the Court is unable to discern[] how that membership reporting qualifies as function 'both traditionally and exclusively governmental'"); *Quirarte*, 438 F.Supp.3d at 1116.  On page 23 of his Opposition, Deering argues that "JSTI is purportedly tasked with ensuring the on-the-job safety of city and Department employees, a function traditionally reserved to the government and whose character and purpose is inherently municipal in nature."  These arguments are irrelevant because, to determine whether the public function test is satisfied, courts review the challenged action, which in this case is the deduction of employee contributions to fund JSTI, and not other actions by the same actor.  *See*

*ibid.*  These arguments are also contradicted by the factual allegations in the Complaint, including the JSTI Trust Agreement, which states that the purpose of the Trust Fund is to "promote[] joint labor-managmeent activities designed to improve labor-management relations and communications with respect to issues of health, safety, and training" and identify necessary support areas and assist and advise in the development of safety and training areas.  (MPA, Ex. B at 1.)  Moreover, the cases that are cited by Deering provide examples of the types of acts that courts have found generally satisfy the public function test but are not on point and are inapposite.  (Opp. at 22-23.)

Deering further argues that JSTI's role as a state actor is based on far more than just the appointment of its board members by Local 18 and the City but fails to provide sufficient factual allegations that shows that the City is significantly involved in JSTI's daily operations.  (*See* MPA at 26-28 (citing *Adams v. Vandemark*, 855 F.2d 312, 315-17 (6th Cir. 1988) (non-profit corporation also received government funding, was extensively regulated, and used public facilities); *Anderson v. Nat'l R.R. Passenger Corp. (AMTRAK)*, 754 F.2d 202, 204 (7th Cir. 1984) (for-profit corporation attempting to minimize government subsidies, not subject to close government supervision, and daily affairs not conducted by federal employees); *Crowder v. Conlan*, 740 F.2d 447, 453 (6th Cir. 1984) (private hospital also received considerable government funding, was subject to extensive regulation, and leased facility from the county); *Aasum v. Good Samaritan Hosp.*, 395 F. Supp. 363, 368 (D. Or. 1975), *aff'd*, 542 F.2d 792 (9th Cir. 1976) (private nonprofit hospital also received government funding and federal and state tax exemptions and was extensively regulated).)  Deering does not challenge these specific arguments and authority; therefore, the Court should credit them and find that they are controlling.  For these reasons, the Court should find Deering has not alleged sufficient facts to support a plausible inference of state action under the public function test.

**b) JSTI's alleged conduct does not satisfy the Joint Action and Government Nexus Tests.**

Deering does not allege sufficient factual allegations that the City significantly encouraged JSTI's alleged authorization of the deduction of employee contributions under the joint action or government nexus tests.  *See Belgau*, 975 F.3d at 947-48; *id.* at 947, fn.2; Compl., ¶¶ 50-52, 60-74, 89-94, 103-107, 114-122; Pl.'s Opp. at 23-24; *see also Smith*, 2019 WL 6647935 at *7-8; *Semerjyan*, 489 F. Supp. 3d at 1058; *Quezambra*, 445 F.Supp.3d at 703-05; *Quirarte*, 438 F.Supp.3d at1117-18; *Labarrere*, 493 F.Supp.3d at 970-71).  Deering's bare conclusory allegations, such as that the deductions and JSTI "working hand-in-hand with City Defendants" constitute joint action or a significant nexus, are insufficient and are not supported by any case law that show they satisfy either test.  (Opp. at 23-24.) For these reasons, the Court should find Deering has not alleged sufficient facts to support a plausible inference of state action under the joint action or government nexus tests.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint, and each cause of action, in its entirety.

DATED:    March  14, 2022                Respectfully submitted,

D. WILLIAM HEINE, ESQ.
ALEJANDRO DELGADO, ESQ,
SCHWARTZ, STEINSAPIR,
  DOHRMANN & SOMMERS LLP

_____
Alejandro Delgado
Attorneys for Defendants, IBEW Local 18
and JSTI Trustees