Kenneth M. Jones (SBN 140358)
kjones@fordharrison.com
Jessica E. Bradley (SBN 250874)
jbradley@fordharrison.com
FORDHARRISON LLP
350 South Grand Avenue
Suite 2300
Los Angeles, CA 90071
Telephone: (213) 237-2400
Facsimile: (213) 237-2401

ON THE BRIEF (pro hac motion to be filed)
Johanna G. Zelman
jzelman@fordharrison.com
Ryan O'Donnell
rodonnell@fordharrison.com
FORDHARRISON LLP
185 Asylum Street, Ste 610
Hartford, CT 06103
Telephone: (860) 740-1355

Attorneys for Defendant,
CITY OF LOS ANGELES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DEERING, an individual<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 18, an employee organization; CITY OF LOS ANGELES, a public agency; ROB BONTA, in his official capacity as Attorney General of California; BRIAN D'ARCY, GUS CORONA, MARTIN MARRUFO, RAFAEL LOPEZ, MARTIN ADAMS, RICHARD HARASICK, ANDREW KENDALL, and DAVID WRIGHT, trustees of the Joint Safety and Training Institute,<br><br>Defendants. | CASE NO. 2:21-CV-07447-DSF-AS<br><br>[*Assigned to Judge Dale S. Fischer, Courtroom 7D*]<br><br>**DEFENDANT CITY OF LOS ANGELES'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**<br><br>Hearing Date: March 28, 2022<br>Time: 1:30 p.m.<br>Courtroom: 7D<br><br>Action Filed: September 17, 2021 |

# REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In moving to dismiss the Complaint, Defendant City of Los Angeles ("City") argues that: (1) *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) precludes a finding against City who was acting pursuant to a state mandate; (2) *Janus v. AFSCME, Council 31*, --- U.S. ---, 138 S. Ct. 2448 (2018) is inapplicable; (3) deduction of union dues in accordance with the collective bargaining agreement does not violate the Procedural Due Process clause of the Fourteenth Amendment; (4) the Substantive Due Process clause is inapplicable because the conduct alleged (a) is redressible through another constitutional amendment, (b) does not implicate a property or liberty interest and (c) does not "shock the conscious"; (5) Plaintiff lacks standing to seek prospective injunctive and declaratory relief related to payment of union dues; and (6) Plaintiff Christopher Deering's ("Plaintiff") claim for damages are, in part, untimely. But Plaintiff does not address these arguments. Instead, he conflates the law, trying to mold it into what he wants it to say, rather than what it actually does. He has not cited *any* case or provided *any* well-reasoned argument to support his claims, no less even attempted to distinguish the controlling law that mandates dismissal of his claims.

In short, the City's motion to dismiss the Complaint should be granted.

## II. REPLY ARGUMENT

### A. Plaintiff Misconstrues the *Monell* Doctrine.

Plaintiff argues that City is a "state actor" for purposes of § 1983 liability. City has never argued otherwise. However, this argument shows Plaintiff's fundamental misunderstanding of the *Monell* Doctrine.

Irrespective of whether City is a "state actor," in *Monell,* the U.S. Supreme Court held that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell,* 409 U.S. at 691. Rather, for a municipality, liability is imposed only where an official policy, custom or action by a final policymaking

authority caused the constitutional deprivation alleged. *Id.* at 690-92. As a matter of law, this cannot happen when a municipality is merely carrying out a ministerial duty imposed by state statute. *See, e.g., Sandoval v. Cty. of Sonoma*, 912 F.3d 509, 518 (9th Cir. 2018), *cert. denied*, --- U.S. ---, 140 S. Ct. 142 (2019); *Evers v. Custer Cty.*, 745 F.2d 1196, 1203 (9th Cir. 1984); *see also, e.g., Vives v. City of New York*, 524 F.3d 346, 353 (2d Cir. 2008) (*Monell* liability is dependent on whether municipal policymakers had a discretion in how to carry out state law); *Snyder v. King*, 745 F.3d 242, 249 (7th Cir. 2014) ("When state law unequivocally instructs a municipal entity to produce binary outcome X if condition Y occurs, we cannot say that the municipal entity's 'decision' to follow that directive involves the exercise of any meaningful independent discretion, let alone final policymaking authority."); *Brewster v. City of Los Angeles*, No. EDCV142257JGBSPX, 2019 WL 7707886, at *8 (C.D. Cal. July 29, 2019) ("Even if municipalities may not be held liable for enforcing mandatory state laws that allow no meaningful discretion at the local level, as other circuits have held, the City is subject to liability because it exercised its discretion by directing officers to use [one traffic law] in circumstances where [another] was equally applicable.").[1]

Plaintiff agrees this is the law. Moreover, Plaintiff does not dispute that Cal. Gov't Code § 1157.12 is mandatory. Rather, Plaintiff argues that City places "the cart before the horse" by allegedly ignoring the discretion it had to use in the deciding to enter into and negotiate a collective bargaining agreement. This argument fails.

<u>First</u>, Plaintiff does not allege that City violated his constitutional rights by entering into or negotiating a collective bargaining agreement. His claim relates only to deduction of union dues and the JSTI Fee from his wages. This "cart before the

---

[1] This law makes clear that whether conduct was "ministerial" for purposes of the municipality liability is an issue different than discussed in *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982). *Lugar* addressed only private action; it did not address municipal liability. Nor has Plaintiff cited any law to support the conclusion he wishes this court to make.

horse" argument is, therefore, irrelevant, as is any argument that *Monell* liability may attach because the City signed the MOU.[2] In fact, given that IBEW 18 was recognized as the employee's exclusive bargaining representative, state law required the City to recognize the union, negotiate with it and enter into an MOU. *See* Cal. Gov't Code §§ 3503, 3504, 3505, 3506.5. Nor is the City's deductions the "moving force" behind the alleged constitutional deprivation where, as here, the City is merely complying with its ministerial duty under Cal. Gov't Code § 1157.12.

Second, at least two courts with nearly identical fact patterns have rejected Plaintiff's arguments. Indeed, *Quezambra v. United Domestic Workers of America AFSCME Local 3930*, 445 F. Supp. 3d 695 (C.D. Cal. 2020),[3] involved the same law, was decided in this same court and was litigated by the Freedom Foundation. The *Quezambra* court held that the county could not be held liable under *Monell*:

> …[S]tate law [pursuant to Cal. Gov't Code § 1157.12(a)-(b)] mandates that (1) the Union exclusively process all employee requests to alter their union dues deduction from their wages; (2) the County accept Union certifications regarding which employees have authorized dues deductions; (3) the County not require a copy of an employee's dues authorization unless a dispute arises over that authorization. Therefore, the terms of the [collective bargaining agreement] do not evince any discretionary delegation of authority by the County to the Union – instead, it appears that the County was simply complying with state law. And when a municipality exercises no discretion and merely complies with a mandatory state law, the constitutional violation was not caused by an official policy of the municipality. …<u>[T]he general decision to contract with the Union did not cause the specific allegedly unconstitutional compelled speech that forms the basis of the claim.</u>

*Id*. at 706 (quotation marks, citations and alterations omitted; emphasis added).

---

[2] Even if it was discretionary for the City to enter into an "agency shop" agreement with IBEW (before *Janus* was decided), *see* Cal. Gov't Code § 3502.5(a), Plaintiff does not allege that he ever paid an agency shop fee, and does not allege his constitutional rights were violated by an agency shop fee. This is, therefore, irrelevant.

[3] *Quezambra* is currently on appeal to the Ninth Circuit.

The same conclusion was reached in *Aliser v. SEIU California*, 419 F. Supp. 3d 1161 (N.D. Cal. 2019):

> …[T]he plaintiffs have not plausibly alleged any county policy of relying on unions for dues deduction information – rather, it appears that the counties were simply complying with…California Government Code § 1157.12. The state statute uses mandatory language, and the plaintiffs have not suggested that the counties had discretion under state law to act contrary to the statute's instructions. When a municipality exercises no discretion and merely complies with a mandatory state law, the constitutional violation was not caused by an official policy of the municipality. This requirement bars the plaintiffs' claims against the counties for both prospective and retrospective relief.

*Id.* at 1165 (quotation marks and citations omitted) The *Aliser* court further held that "[t]he general decision to contract with unions using an agency shop arrangement [could] 'cause' the specific allegedly unconstitutional conduct that forms the basis of this claim." *Id.* (emphasis added); *see also Mitchell v. Atkins*, 387 F. Supp. 3d 1193, 1201–02 (W.D. Wash. 2019) (no *Monell* liability where municipality was implementing non-discretionary state law).

Plaintiff's arguments are simply without merit.

**B.    The Ninth Circuit's Decision in *Belgau v. Inslee* is Binding on this Court.**

In *Belgau v. Inslee*, 975 F.3d 940 (9th Cir. 2020), *cert. denied*, --- U.S. ---, 141 S.Ct. 2795 (2021), the plaintiffs were union members who, like plaintiff here, had an opt-out period for paying dues which was stated on the dues authorization card. *See Belgau*, 975 F.3d at 944. The *Belgau* Court held that because the plaintiffs had a contractual duty to continue to pay union dues until the-opt out period, there was no First Amendment violation under *Janus* even though dues were deducted from their paychecks after they resigned from the union. *Id.* at 950. Plaintiff seemingly tries to distinguish *Belgau* because here the applicable opt-out period is contained within the MOU, not on the dues authorization card.

///

But this argument was rejected by *DiPierro v. Las Vegas Police Prot. Assn. Metro, Inc.*, No. 220CV01481GMNVCF, 2021 WL 4096538 (D. Nev. Sept. 8, 2021).[4] In *DiPierro*, like here, the yearly opt-out period was stated within the collective bargaining agreement as opposed to the authorization card. *See id* at *1. The court rejected that this distinguished the case from *Belgau*. *See id*. at * 4. As the court explained, the plaintiff chose to become a union member, which included the choice to be bound to the terms contained in the collective bargaining agreement, including the opt-out period. *See id*.

> Contrary to [the] [p]laintiff's assertions, the First Amendment does not require that [the] [p]laintiff affirmatively waive her ability to unconditionally revoke her paycheck deduction authorization. In *Belgau*, the Circuit echoed the Supreme Court's admonition that states can keep their labor-relationship systems exactly as they are – only they cannot force nonmembers to subsidize public-sector unions. Just as in *Belgau*, [the] [p]laintiff is not being compelled to support the [u]nion without ever having authorized the [u]nion to be her representative. Instead, she seeks to escape the consequences of a CBA she now regrets as assenting to as condition of her [u]nion membership. [The] [d]efendants' decision to bind [the] [p]laintiff [to that condition] based on her dues deduction authorization form does not compel speech absent a waiver of her revocation rights. To the contrary, [in *Janus*] [t]he Court in no way created a new First Amendment waiver requirement for union members before dues are deducted pursuant to a voluntary agreement.

*Id*. (citations, quotations marks and alterations omitted).

In fact, *Belgau* is even more compelling in this case than it was in *DiPierro*. In *DiPierro*, the opt-out period was not part of the collective bargaining agreement when the plaintiff assented to union membership, and yet *Belgau* still applied. Here, the opt-out period existed in the MOU before Plaintiff became a union member. Plaintiff's argument that *DePierro* should be ignored by this Court because of its allegedly "disturbing conclusion" that someone "who at some point joined a union and authorized dues' deductions is powerless to withdraw that authorization so long

---

[4] *DiPietro* is on appeal to the Ninth Circuit.

as the employer and union continue to extend their collective bargaining agreement" (**Pl's Brief, p. 9**) is irrelevant. Moreover, that is not what *DePierro* holds.

Although Plaintiff would have this Court look at his dues' authorization card in a vacuum without consideration of the MOU itself, that is not the law. Rather, *Belgau* mandates the conclusion that by consenting to union membership and signing the card, Plaintiff gave his right to bargain over the terms and conditions of his employment to IBEW 18. Those terms and conditions include an opt-out period. The dues' authorization card allowed him to resign membership and ask for his dues to be stopped at any time, subject to the terms of the MOU. There is no law that states otherwise.

Plaintiff simply has failed to state a claim under the First Amendment.

### C. Plaintiff Does Not Plausibly Allege that the JSTI Fee Implicates the First Amendment.

With respect to the JSTI Fee, Plaintiff hangs his hat on the statement by the *Janus* Court that "neither an agency fee or any other payment to the union" may be deducted from a nonunion member employee's wages. *Janus*, 138 S.Ct. at 2486 (emphasis added) (**Pl's Brief, p. 6**). This language, however, cannot be viewed in a vacuum. The premise behind it, and *Janus*, is the First Amendment prohibition against compelled speech in the form of union support. *Janus* does not, as Plaintiff incorrectly argues, prohibit payments made to JSTI (not the union), and that are not used to support union activity. Indeed, noticeably absent from Plaintiff's brief is any argument that the JSTI Fee is used in any way other than to support employee health, safety and training (**Exhibit 4, Purpose, p. 1**) – regardless of union membership.

Plaintiff's bald assertions in the Complaint alleging that JSTI Funds are used to support the union, without more, does not plausibly allege a violation of the First Amendment. Absent protected speech, neither *Janus*, nor the First Amendment, is implicated.

///

### D. Defendant Did Not Violate the Procedural Due Process Clause.

Plaintiff has not provided any comprehensive argument to support the deprivation of a property or liberty interest without due process. Indeed, he does nothing more than rotely lay out the elements of such a claim, without explaining how they in any way apply.[5] Plaintiff also chooses to all but ignore, rather than address, the plethora of decisions that have already rejected this theory of liability under the same fact pattern. *See Woltkamp v. Lios Rios Classified, Emp. Assn.*, 539 F. Supp. 3d 1058, 1069 (E.D. Cal. 2021); *Crouthamel v. Walla Walla Public Schs.*, 535 F. Supp. 3d 1025, 1035-36 (E.D. Wash. 2021);[6] *Wagner v. Univ. of Washington*, No. 2:20-CV-00091-BJR, 2020 WL 5520947, at * 6, 12-13 (W.D. Wash. Sept. 11, 2020);[7] *Marsh v. AFSCME Loc. 3299*, No. 2:19-CV-02382-JAM-DB, 2020 WL 4339880, at * 10, 26 (E.D. Cal. July 28, 2020); *see also Smith v. Serv. Emps. Int'l Union, Loc. 668*, No. 1:20-CV-02316, 2021 WL 4743579, at *12 (M.D. Pa. Oct. 12, 2021). As several of these courts have explained:

> Here, the question is not whether Plaintiff has a liberty or property interest in h[is] wages, as []he argues, but whether []he suffered a deprivation of a constitutionally protected interest when the [City] deducted membership dues according to [his] membership agreement[]. The answer, as…every Court examining the question has concluded, is that []he did not suffer the deprivation of a liberty or property interest as []he voluntarily assented to Union membership and deduction of Union dues.

*Crouthamel*, 535 F. Supp. 3d at 1035; *Wagner*, 2020 WL 5520947, at * 5.

Plaintiff's argument that his claim is distinguishable because his opt-out period is in the MOU, not the authorization card, fails for the same reason set out above – it is a distinction without a difference. By voluntarily assenting to union membership, Plaintiff contractually gave the union the right to negotiate the terms and conditions

---

[5] Plaintiff does not even devote a section of his brief to this issue. Rather, his sole references to his process claim is mixed up in his incorrect analysis of the *Monell* doctrine and the standing doctrine.

[6] *Courthamel* is on appeal to the Ninth Circuit.

[7] *Wagner* is on appeal to the Ninth Circuit.

of his employment. That was all the process due to him.

### E. There is No Law to Support Plaintiff's Substantive Due Process Claim.

There is little more to be said about this claim than has already been argued in City's opening brief. Despite Plaintiff's unsupported rhetoric, he offers nothing to prevent dismissal of this claim.

In fact, even Plaintiff's argument shows that his purported injury is meant to be redressed by the First Amendment, not the Substantive Due Process Clause. *See Hufford v. McEnaney*, 249 F.3d 1142, 1151 (9th Cir. 2001) ("[B]ecause the First Amendment explicitly covers [the plaintiff]'s claim, the First Amendment, not the Fourteenth Amendment's guarantee of substantive due process, should guide the analysis of the…claims." (quotation marks and alterations omitted)). There is no distinction between "an inherently arbitrary system under which [] First Amendment rights are burdened" by allegedly "t[aking] Deering's lawfully earned wages…and g[i]v[ing] them to IBEW 18 and JSTI, which spent it on political speech…" (**Pl's Brief, p 34**) (emphasis added), and a violation of the First Amendment. *See, e.g., Contest Promotions, LLC v. City & Cty. of San Francisco*, 100 F. Supp. 3d 835, 846 (N.D. Cal. 2015), *aff'd*, 704 Fed. Appx. 665 (9th Cir. 2017), *cert. denied*, --- U.S. ---, 138 S.Ct. 2574 (2018) (allegation of "arbitrariness" did not invoke Substantive Due Process where Equal Protection Clause and First and Fifth Amendments explicitly addressed the defendant's alleged wrongful conduct). Under Supreme Court precedent, this is redressable by the First Amendment and "not the more generalized notion of substantive due process." *Albright v. Oliver,* 510 U.S. 266, 273 (1994) (plurality) (*quoting Graham v. Connor,* 490 U.S. 386, 395 (1989); *see Cty. of Sacramento v. Lewis*, 523 U.S. 833, 842-43 (1998) (*quoting United States v. Lanier*, 520 U.S. 259 n. 7 (1997) ("Explaining that "[b]ecause we have always been reluctant to expand the concept of substantive due process," in *Graham*, the Court held that "if a constitutional claim is covered by a specific constitutional provision…the claim

must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.")[8]

Plaintiff does not even address that his allegations fail to support any conduct that would "shock the conscience" sufficient to support a finding that the City's conduct was arbitrary. *See Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006) (*quoting Lewis*, 523 U.S. at 846) (explaining that government action is arbitrary only where it "shocks the conscience" and that "[o]nly the most egregious official conduct can be said to be arbitrary in a constitutional sense.").[9]

On its face, the Substantive Due Process claim fails.

### F. City's Standing Argument is Limited to Prospective Declaratory and Injunctive Relief Regarding Union Dues Deductions, Which Plaintiff Concedes He Lacks Standing to Pursue.

The City's argument respecting Plaintiff's standing is quite simple: Plaintiff has not paid union dues since April, 2021 (**Compl., ¶ 49**), and, therefore, there is no redressable injury sufficient to support Article III standing for <u>prospective</u> declaratory and injunctive relief. Plaintiff does not dispute this. (**Pl's Brief, p. 36**). Any other argument he makes regarding his standing to pursue First and Fourtheeth Amendment claims and monetary damages is irrelevant, since City limited its standing argument to Plaintiff's claims for prospective relief only.

---

[8] *Moore v. City of East Cleveland*, 431 U.S. 494 (1977), is inapposite. It analyzed arbitrary government regulation of family.

[9] Quoting *Regents of the Univ. of Cal. V. U.S. Dep't of Homeland Sec.*, 908 F3d 476 (9th Cir. 2018)), Plaintiff argues that to state a claim under the Substantive Due Process due process clause, the City's conduct must "'shocks the conscience' <u>or</u>…'offend[] the community's sense of fair play and decency." (**Pl's Brief, p. 33** (emphasis added)). Plaintiff does not note that this case was, in part, overruled, albeit on other grounds. *See Dep't of Homeland Sec. v. Regents of the Univ. of California*, --- U.S. ---, 140 S. Ct. 1891 (2020). More importantly, the text actually states that the conduct must "shock[] the conscience <u>and</u> offend[] the community's sense of fair play and decency." *Regents*, 908 F.3d at 518 (emphasis added).

### G. Plaintiff Does Not Address the Untimeliness of His Claims for Retrospective Relief Related to the JSTI Fee; Therefore, Those Claims Have Been Abandoned

Plaintiff does not address the untimeliness of his damages claim for the JSTI Fee. Thus, damages for any fees paid between October 1, 2018 and September 16, 2019 are abandoned. *E.g., Qureshi v. Countrywide Home Loans, Inc.*, No. C09-4198 SBA, 2010 WL 841669, at *6 n. 2 (N.D. Cal. Mar. 10, 2010) (where the plaintiff failed to address an argument made by the defendant in its motion to dismiss, the claim was deemed abandoned); *accord Kroeger v. Vertex Aerospace LLC*, No. CV 20-3030-JFW(AGRX), 2020 WL 3546086, at *8 (C.D. Cal. June 30, 2020) (collective cases); *Reyes v. Wells Fargo Bank*, No. EDCV 17-909-JFW(KKX), 2017 WL 11568871, at *4 (C.D. Cal. Aug. 17, 2017) (collecting cases).

### III. CONCLUSION

For all those reasons set forth in City's Motion to Dismiss, supporting memorandum of law and in this Reply, the Court should dismiss the Complaint, and each cause of action, in its entirety.

Respectfully submitted,

DATED: March 14, 2022          FORD HARRISON LLP

By: /s/ *Jessica Bradley*
    Kenneth M. Jones
    Jessica E. Bradley
    Johanna G. Zelman
    Ryan O'Donnell
    Attorneys for Defendants
    CITY OF LOS ANGELES

# **PROOF OF SERVICE**

I, Lillian Marquez, declare:

I am a citizen of the United States and employed in Los Angeles, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071.

On March 14, 2022, I served a copy of the within document(s):

**DEFENDANT CITY OF LOS ANGELES'S REPLY TO PLAINTIFF CHRISTOPHER DEERING'S OPPOSITION TO ITS MOTION TO DISMISS COMPLAINT**

☒ **ELECTRONICALLY**: I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System. I served those parties who are not registered participants of the ECF System as indicated below.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION.** I caused the documents to be sent to the persons at the email address listed above in a PDF file, and the transmission appeared to be successful.

| | |
|---|---|
| Elena Marie Ives<br>Timothy R. Snowball<br>Freedom Foundation<br>PO Box 552<br>Olympia, WA 98507 | Attorneys for Plaintiff<br><br>T: (360) 956-3482<br>F: (360) 352-1874<br>E: eives@freedomfoundation.com<br>    tsnowball@freedomfoundation.com |
| Donald William Heine, Jr.<br>Schwartz Steinsapir Dohrmann and Sommers<br>6300 Wilshire Boulevard<br>Suite 2000<br>Los Angeles, CA 90048<br><br> | Attorneys for Defendants International Brotherhood of Electrical Workers Local 18, Brian D'Arcy, Gus Corona, Martin Marrufo, Rafael Lopez, Martin Adams, Andrew Kendall, David Wright and Richard Harasick<br><br>T: (323) 655-4700<br>F: (323) 655-4488<br>E: dwh@ssdslaw.com |
| Jeffrey A. Rich<br>CAAG – Office of the Attorney General California Dept. of Justice<br>1300 I Street<br>Suite 125<br>Sacramento, CA 95814 | Attorney for Rob Ronta<br><br>T: (916) 210-6043<br>F: (916) 234-8835<br>E: jeffrey.rich@doj.ca.gov |

I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on March 14, 2022, at Los Angeles, California.

*[signature]*
_____
Lillian Marquez